# DECISIONS

## OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, 1871.

THE STATE ex rel. EDMUND C. WEEKS vs. SAMUEL T. DAY.

1. A vacancy in the office of Lieutenant-Governor can be filled by a special election.

2. The appointment of a person to fill a vacancy in the office of Lieutenant-Governor entitles the person to hold the office until the same be filled by an election as provided by law.

3. The allegation of the respondent, that he was "duly elected," insufficient: facts must be averred, showing that he was elected in manner prescribed by law.

Information in the nature of *quo warranto*.

The opinion of the Court presents the points in this case.

*J. P. C. Emmons* for Relator.

In the argument in behalf of the relator in this case, no authorities are cited save as to the second and third causes of demurrer, to-wit:

That the proclamation sets forth no fact. It does not aver a vacancy. It is contingent. That it should contain that fact as to vacancy see 14th Cal., 187.

As to the *third* cause of demurrer, for that it is not averred that the 8th day of November, 1870, was the time fixed by law for holding an election for Lieut.-Governor.

2

15th Cal., 58, is cited to show that the plea fails in establishing any right to hold said election, and therefore is calculated to force the relator to an issue unnecessary and expensive.   1 Kan., 25–6–7 ; 2 Kan., 54–5.

The other causes of demurrer rest upon the face of the pleading.

*Geo. P. Raney*, for Respondent.

There are nine specifications of demurrer.

As to 1st—this is to be discussed in two aspects—

1. Does the plea set out a proclamation ?

2. Did that proclamation authorize the holding of an election for Lieut.-Governor ?   This depends upon the simple question, whether a proclamation calling an election to fill a vacancy in the office of Lieut.-Governor is tantamount to one calling an election for a Lieut.-Governor.   Con. 1868, Art. V., Sec. 15 ; Proc. of Aug. 3, 1870.

As to 2d—the proclamation is not uncertain as to the election, but only as to whether a vacancy will occur.   The proclamation itself shows that the idea that there would be a vacancy is founded upon the action of the highest judicial tribunal in the State.   It merely intimates a doubt of the Executive as to a vacancy occurring at the expiration ; but there is not a doubt intimated in it as to the expiration of the commission, and certainly none as to the election being held.   See Proc. Aug. 3, 1870.

As to 3d—it is not necessary to plead matter of law. That said proclamation and election was authorized see 1st Cal. R., 535 ; Acts 1868, p. 2, Sec. 3, par. 3–4 ; 1st Cal. R., 502 ; State of Florida *ex rel*. Weeks vs. Gamble.   The plea states that the 8th of November, 1870, was fixed for the election.   The above authorities show there was law for it.

As to 4th—the allegation is issuable.   What constitutes an election is matter of proof.   To deny that respondent was elected would put him to proof.   To prove election we

would have to show by proper evidence that we secured a majority of the votes cast. In an action of this kind the defendant must set out and show that he has a good title. This being an elective office, an election is one of the constituent elements of this title. The respondent sets out as his title, elected under a proclamation, the vacancy, qualification and oath of office.

As to 5th and 6th—the certificates mentioned are mere means of proof or evidences of election, and it is not necessary to plead matter of evidence. Acts of 1868, p. 8–29; 4 Wisconsin.

As to 7th—this assumes again it is necessary to plead matter of law. We allege that the election was called and held. If the election was illegal, the relator can test this by demurrer.

8th and 9th—frivolous and special.

*A. L. Woodward, Sr.*, on the same side.

### Propositions on Demurrer.

1. An information in the nature of *quo warranto*, is a pleading which must be answered or demurred to, and the general rules of pleading are applicable therein. The State vs. Steers, 44 Miss., 225–26.

2. The only pleadings in *quo warranto* are the complaint and answer. Upon these the issue is fully made up, so far as the pleadings are concerned, and, the action not admitting of a counter claim, no replication is allowed. Atty. Gen. *ex rel.* vs. Messmore, 14 Wis., 115.

3. It is sufficient in the complaint to allege generally that at an election on a day specified, in the several towns and election districts of a certain county, the relator was duly elected and chosen by the legal and qualified voters of the said county to the office "claimed" by him, nor is it necessary to state how many votes were given at the election for each candidate, so as to show that the relator received the

highest number. Dickson vs. Brenner, 20 Wis., 62. It is respectfully submitted whether this authority is not equally applicable to the case at bar in support of the plea.

4. An information in the nature of *quo warranto* is essentially a civil proceeding. The burden of proof is on *the relator*, and every reasonable intendment is to be made in favor of the regularity of the proceedings by which the respondent was put in office. The State *ex rel.* vs. John Kessferle, 44 Miss., 154-57-58-59.

5. The defendant, being in possession, will be presumed to hold *rightfully*, and the plaintiff must first prove the charges contained in the information. State vs. Hinton, 28 Vt., 294; State vs. Brown *et al.*, 34 Miss., 68; The People vs. Lacoste, 37 N. Y., 193.

6. The Governor's proclamation ordering a special election for Lieutenant-Governor, at the periodical general election for members of the Senate and Assembly as contemplated by the Constitution and the election laws of 1868, was in conformity to both, and neither uncertain, ambiguous nor vague in its terms, but as certain, positive, definite and explicit as the peculiar circumstances permitted or the character of the subject-matter required, and in accordance with the opinion of this Court in *mandamus* of Weeks vs. Gamble, Comptroller, May Term, 1870.

7. The averment of *title by election* is not a conclusion of law, taken in connection with the specific allegation of the fact of the election having been held in conformity to the Governor's proclamation.

8. The sufficiency of the certificate of the Secretary of State is respectfully submitted as showing the majority of votes cast at the election for Lieutenant-Governor to have been given to the respondent, with presenting also, *in totidem verbis*, the number of votes cast for a *competing candidate*. The certificate of respondent's majority is *sufficiently issuable* without a statement as to the number of votes cast for

his opponent. The parts, though of unequal proportions, still compose the whole.

*Propositions on the Merits or Relative Strength of Title.*

1. The constituent departments of government must be organized as the organic law ordains—in accordance with its spirit and in conformity to its principles.

2. Any departure from manner and form which the Constitution prescribes for the organization of either of the departments, elective or appointed, is in derogation of its authority and a usurpation of power.

3. An office originally *elective* cannot become *subject to appointment*, unless upon some contingency contemplated in the Constitution, and then only until the proceeding to fill it by *election* can be ordered and effected, as the Constitution authorizes and the law provides.

4. The Governor's appointee as Lieutenant-Governor, under Section 7, Article V., to fill *a vacancy* in an office elective under the Constitution, can hold it only until an election can be held to fill it as authorized by this section, and provided by the laws regulating elections. Acts 1868, p. 1, sec. 2, sub-division 4, and pp. 33 and 34, sec. —

5. The words " next election," in the section of the Constitution cited, must be held, by just construction, to relate either to the *next periodical election* for Governor, or to the *next general election for members of the General Assembly*, should such an election *previously intervene*, in which *latter event* it is a *special election* to fill the *vacancy* occurring in the office.

6. Where discretionary power is conferred upon any public functionary by the Constitution or laws, it is not an *arbitrary* discretion—*sic volo, sic jubeo*—which is authorized, but such as may be exercised according to the subject-matter to which it relates and the object contemplated, in accordance with the spirit and principles of the constitution and laws.

7. Hence it follows that the Governor ought, by just intendment and implication, to have ordered a *special election* to fill the vacancy in the office of Lieutenant-Governor as soon as it occurred, in conformity to the true meaning and intent of the existing laws.

8. It is respectfully submitted whether it be competent to the Legislature to confer discretionary power upon the Governor, in relation to *special elections to fill vacancies*, it being the province and duty of the Legislature itself to enact such laws, as contemplated and authorized by the Constitution; and whether so much of the acts as authorize such discretion be not *repugnant* to the Constitution and therefore *void*.

9. It is therefore respectfully submitted whether, the discretionary power exercised by the Governor (under the acts of August, 1868, regulating elections,) being unauthorized by the Constitution, the relator has any title to the office which he claims.

*Finally.* Whether these be or be not admitted as correct deductions, nevertheless, an election for Lieutenant-Governor having been held as the Constitution ordains and the election laws of 1868 require, and the respondent having entered upon the office, the relator is not *functus officio*, and has no *locus standi* in Court.

*Authorities.*—Smith's Com. Constitutional Construction, secs. 439–40–41, and secs. 532, 48, and p. 834; opinion of the seven judges, 7 Mass.; 5 How., (Miss.,) 582, 600–6; 9 Cal., 198, 202; 6 Cal., 26, 28, 29; 10 Cal., 38, 45, 46; 14 Cal., 180–87–88; 37 Cal., 621–23–24.

RANDALL, C. J., delivered the opinion of the Court.

The relator alleges that on the 24th day of January, 1870, a vacancy existed in the office of Lieutenant-Governor of this State, and that he was duly appointed and commissioned by the Governor to fill such vacancy under and by virtue of

the power and authority in said Governor vested by Section 7 of Article V. of the Constitution, and that on that day he took and filed his oath of office as Lieutenant-Governor, in the office of the Secretary of State, and accepted the office and became by virtue of said Section 7 the Lieutenant-Governor of said State, and that he still is and will continue lawfully to be the Lieutenant-Governor until the first Tuesday in January, 1873; and that the respondent, Samuel T. Day, has usurped said office, &c.

The respondent answers that on the 30th day of August, 1870, the Governor of this State issued his proclamation, giving notice that on the 8th day of November then next, an election would be held by the electors of this State to fill the vacancy which might occur in said office at the expiration of the commission of Edmund C. Weeks, the relator, and that on said 8th day of November, it being the day of a general election throughout the State, an election was held by said electors, and the "respondent was duly and legally elected Lieutenant-Governor" to fill the vacancy, &c., and that he had taken and filed the oath of office, and has since then performed the duties of the office, and is entitled to hold said office and enjoy the emoluments thereof until the year 1873. To this answer the relator demurs, and assigns for causes of demurrer:

That the answer does not show that an election was legally held, or could be held at the time alleged;

That the proclamation of the Governor is too uncertain, irregular and defective to authorize an election;

That the answer does not show by proper averments that the respondent was elected or had title to the office.

It is claimed that the proclamation of the Governor is uncertain, irregular and defective in its terms to authorize the holding of the alleged election. We think, however, upon examination of the proclamation, that if an election was legally authorized to be held at the time alleged, the

proclamation is sufficiently formal and explicit. It gives notice that an election would be held on the 8th day of November, 1870, "to fill the vacancy which might occur in the office of Lieutenant-Governor of said State at the expiration of the commission of Edmund C. Weeks," then Lieutenant-Governor. If there could legally be held, at the time stated, an election to fill said office for the unexpired term, under a proclamation calling a special election, there is nothing in the form or substance of the proclamation which renders an election held on the day and for the office named invalid. The principal ground of demurrer raises the question whether such an election could legally be held to fill the unexpired term of the office while the relator held the office under the appointment and commission of the Governor, by which the vacancy was supplied. It is contended by the relator that the appointment of Mr. Weeks was made solely under the authority of Section 7 of Article V. of the Constitution of this State, which reads as follows: "When any office from any cause shall become vacant, and no mode is provided by this Constitution *or by the laws of the State* for filling the vacancy, the Governor shall have the power to fill such vacancy by granting a commission which shall expire at the next election." And the relator insists that the appointment by the Governor entitles him to hold the office until the same shall be filled by the regular election to be held in 1872.

It will be seen that this section of the Constitution provides for the filling of vacancies in offices by granting commissions, in the cases where no mode is expressly provided by the Constitution or by law for filling vacancies and if no mode is provided for filling *vacancies*, then the commission shall be in form and effect such as is here provided, but if the laws have made provision, then this section of the Constitution will not control, except as it upholds such provision.

The Legislature, by an act relating to vacancies in office, approved August 6, 1868, has provided that every office shall be deemed vacant by occasion of the death, resignation, removal, judgment of a competent tribunal, &c., and that in all cases in which a vacancy may occur, if the office be a State, district or county office other than a member or officer of the Legislature, it shall be the duty of the Governor to fill such office by an appointment, and the person so appointed shall be entitled to take and hold such office until the same shall be filled by an election as provided by law. The vacancy in the office of Lieutenant-Governor was caused by the operation of the judgment of a competent tribunal, and this vacancy, and the appointment of the relator occurred after the enactment of the law referred to, and the appointment and its tenure must be controlled by that law, which authorized the relator "to take and hold such office until the *same shall be filled by an election* as provided by law." The constitutional provision, as well as the act in question, provide for the filling of a vacancy by a commission or appointment by the Governor, which commission shall expire at the happening of an election. If it had been intended that the appointment by the Governor should supply the office for the residue of the term of the office, there would have been no occasion for using the words which are here used to designate the expiration of the commission; because the time of holding an election to fill the office, at the *expiration of the term*, for the ensuing term, is appointed by the Constitution, and the commencement of the term is there fixed and designated to be in January succeeding the election; whereas the provision for filling vacancies by appointment expressly declares that the commission of the Governor shall expire *at* the "next election," or when the office shall "be filled by an election as provided by law."

If it had been intended that the commission issued by the

Governor should fill the office for the residue of the term, words to that effect would, without doubt, have been employed, instead of words which limit the tenure by an appointment which may expire at an election to be provided by law.

What, then, are the provisions of law for holding elections to fill offices—general and special elections?

The act to provide for the registration of electors and the holding of elections, approved August 6, 1868, Sec. 1, provides, that a general election shall be held on Tuesday succeeding the first Monday of November of each year, in which State and county officers are by law required to be elected. Sec. 2 provides that a Governor and Lieut.-Governor shall be elected every four years; members of the Senate and Assembly, and such county officers as are elective, every two years. Sec. 3 provides for the holding of special elections. The first, second and third clauses of this section provide for filling vacancies which may occur from various causes, in the seat of a representative in Congress, Senators and members of Assembly, and in county offices. The fourth clause provides that special elections may be held "when, in any other case of a vacancy not particularly provided for, the Governor shall in his discretion direct." And the act then proceeds to direct the manner of conducting such elections, and among other things that special elections for any office may be held under the proclamation of the Governor, to be issued not less than fifteen or more than forty days from the day of the publication of the proclamation. The 5th section requires the Secretary of State to issue a notice stating what offices and vacancies are to be filled at each general election in the State, county or district, &c.

The office of Lieut-Governor is not named in any of the provisions for filling vacancies or for holding special elections, nor are other offices named; but it cannot be questioned that when a provision refers to certain cases, and in

terms refers to "every other" case not particularly provided for, it must include this. The language is quite as comprehensive as that used in the 7th Section of Article V. of the Constitution, which, it is considered, when it refers to "any office," includes that of Lieut.-Governor as among those in which a vacancy may be filled by an appointment.

It is claimed that the office of Lieut.-Governor is not included among those which may be filled by a special election, because the Constitution fixes the time for choosing that officer by election. But so do the Constitution and the statutes appoint the time for the election of all other elective officers; and to say that because the Governor or any other officer may make an appointment to prevent a *hiatus* in an office, this supercedes and legally nullifies the power to provide for an election by the people to fill the office for the residue of an unexpired term, is in effect to declare that the people shall not have the power to choose one to fill an elective office. We cannot conclude that the provisions for holding special elections relate solely to constables, and there being no other offices except that of Lieut.-Governor which can be filled by special elections, it must be deemed that the framers of the Constitution and the Legislature intended to refer to this, and that some semblance of popular representation should be preserved.

The conclusion is, that the appointment of Mr. Weeks to the office of Lieutenant-Governor in January, 1870, entitled him "to take and hold such office until the same" should "be filled by an election as provided by law;" and that if an election was held in November, 1870, in pursuance of a proclamation of the Governor, the term of the relator expired when the office was filled by an election, and that period arrived when it was determined by the canvass that another had been elected. Upon this branch of the demurrer the opinion of the court is against the relator, but upon the question of the sufficiency of the answer as to the title

of the respondent, the allegation that he was "duly elected" is not sufficient. Facts must be averred, showing that he was elected in the manner prescribed by law. Rex vs. Leigh, 4 Burrow, 2,143 ; State vs. Gleason, 12 Fla., p. 265. Upon this ground the demurrer is sustained with leave to the respondent to amend his answer.