STATE OF FLORIDA, *ex rel.* THE OLUSTEE MONUMENT COMMISSION, *Relator*, v. ERNEST AMOS, AS COMPTROLLER, OF THE STATE OF FLORIDA, *Respondent.*

Opinion Filed March 11, 1922.

Where the relator in a petition for an alternative writ of mandamus is not a person or a legal entity, the petition will be denied.

A petition for an alternative writ of mandamus.

Petition denied.

*John P. Stokes, Knight & Adair, Baker & Baker* and *Fred H. Davis,* for Relator.

PER CURIAM.—In a petition for an alternative writ of mandamus filed in this court seeking to require the State Comptroller to audit an account against the State, and to issue a warrant in favor of the relator for any amount found to be due, it is alleged that the "relator officially paid to Charles Fleming the sum of fifteen dollars for work actually done and performed by him in putting in order and maintaining in proper condition and beautifying the grounds adjacent and belonging to the site of the Olustee Monument."

Even if the asserted relator has any legal status whatever and it has volunteered to pay an indebtedness of the State of Florida, it does not appear that mandamus may be invoked to compel a payment by the State to such volunteer.

"The Olustee Monument Commission" is not shown to be a legal entity. If reference may be had to an uncer-

tified paper attached to the petition alleged to be a bill passed by the legislature of the State that it is alleged became a law because it was not duly filed in the office of the Secretary of State by the Governor with his objections thereto within the time required by the constitution to make an executive veto effective, it appears that if the title to the bill is not fatally defective, the bill if duly enacted for a law,' is inoperative to give the relator a legal entity, since it purports to create "The Olustee Monument Commission" to be composed of three persons, two of whom are "the State Senator who shall represent Columbia County, and the State Senator who shall represent Baker County and their successors in office," upon which attempted commission the bill purports to confer executive or administrative official powers and duties, in violation of Article II and Sections 5 and 27 of Article III, Section 15, Article XVI of the State Constitution.

The petition is denied.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS. AND WEST, J. J., concur.