PER CURIAM.
Honorable Claude R. Kirk,
Governor of Florida
The Capitol
Tallahassee, Florida.
Dear Governor:—
We have the honor to acknowledge your communication of December 11th, 1968, requesting our advice pursuant to Section 13, Article IV, Constitution of Florida 1885 [F.S.A.], relating to certain executive powers and duties.
Omitting the formal parts, your letter reads as follows:—
“Pursuant to the provisions of Section 13 of Article IV, Florida Constitution of 1885, the Governor is authorized to request the opinion of the Justices of the Supreme Court as to the interpretation of any portion of the Constitution upon any question affecting the Governor’s executive powers and duties.
“According to the provisions of subsection (f), Section 1, Article IV of the newly adopted Constitution, the Governor shall fill by appointment any vacancy in state or county office when not otherwise provided for in the Constitution. In addition, under Section 3, Article X of the newly adopted Constitution, the vacancy in office, ‘shall occur on the creation of any office * * *’ Similar language may be found in Section 114.01 (6), Florida Statutes [F.S.A.].
“On November 5, the electors of the State ratified House Joint Resolution 1-2X which was a revision of certain portions of the Constitution. Section 2, Article IV of the newly adopted Constitution contains the following language relating to the office of Lieutenant Governor :
“ ‘There shall be a lieutenant governor. He shall perform such duties pertaining to the Office of governor as shall be assigned to him by the governor, except when otherwise provided by law, and such other duties as may be prescribed by law.’
“In light of the foregoing, I have the honor to request your opinion as to the interpretation of my executive power and duty as Governor to make an appointment to fill the vacancy in the newly created Office of Lieutenant Governor.”
We find it proper under the limits of our constitutional authority to answer your inquiry.
Implicit in your inquiry are two basic questions, viz:—
(1) When does Section 2 of Article IV of the constitutional revision adopted November 5, 1968, creating the office of Lieutenant Governor become effective and when does the vacancy in such office come to exist?
(2) Does the Governor have the power and duty to fill such vacancy by interim appointment until the next general election in which a governor is elected ?
As to the effective date of the 1968 revision we look to Section 4, Article XVII, Constitution of 1885, as amended in 1964 and under which the 1968 revision was authorized. It provides:—
“* * * if the proposed revision or amendment receives the favorable vote of a majority of electors voting thereon, it shall take effect at noon on the first Tuesday after the first Monday of the January following the election if voted upon in a general election, and on the sixtieth day after the election if voted upon in a special election, or in either case on any date designated therein.”
*291 We do not find any special or different date for the office of Lieutenant Governor and it is therefore our opinion that Section 2 of Article IV creating the office of Lieutenant Governor will become effective at noon on the first Tuesday after the first Monday in January A.D. 1969. We must now turn to Section 3 of Article X of the 1968 revision which provides:—
“Vacancy in Office—Vacancy in office shall occur upon the creation of an office, upon the death of the incumbent or his removal from office, resignation, succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term.” (Emphasis added.)
From this we are brought irresistibly to the conclusion that a vacancy in the office occurs immediately upon Section 2 of Article IV becoming effective. Interestingly, Section 3 of Article X of the revision is apparently patterned after portions of § 114.01, Florida Statutes [F.S.A.], which has been considered in prior decisions of this court.
Section 5(a) of Article IV of the 1968 revision provides:—
“At a state-wide general election in each calendar year the number of which is even but not a multiple of four, the electors shall choose a governor and a lieutenant governor and members of the cabinet each for a term of four years beginning on the first Tuesday after the first Monday in January of the succeeding year. In the general election and in party primaries, if held, all candidates for the offices of governor and lieutenant governor shall form joint candidacies in a manner prescribed by law so that each voter shall cast a single vote for a candidate for governor and a candidate for lieutenant governor running together.”
Therefore, the interim term for such office would run until noon on the first Tuesday after the first Monday in January A.D. 1971.
We now reach the question of how the vacancy will be filled. No special method is provided in the 1968 revision for filling a vacancy in the office of Lieutenant Governor, so we turn to Section 1(f), Article IV, 1968 revision, for the answer, which section provides:—
“When not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election.” (Emphasis added.)
It is noteworthy that the interim term as hereinabove set forth, from the first Tuesday after the first Monday in 1969 until the first Tuesday after the first Monday in 1971 is less than twenty-eight months, so Section 1(f) of Article IV clearly vests the power of appointment in the governor. By way of caveat we must comment that if the office of Lieutenant Governor should become vacant during the first twenty months of a four year term there may be conflict between Section 1(f) and Section 5 of Article IV.
The general question with which we are here concerned is not entirely new, although prior decisions of this court on the point have been controlled by other, but only slightly different constitutions, insofar as this question is concerned.
In 1871, Florida’s Constitution of 1868 was in effect and provided for a Lieutenant Governor in Section 14 of Article V in this language:—
“A Lieutenant-Governor shall be elected at the same time and places, and in the same manner as the Governor, whose term of office and eligibility shall also *292 be the same. He shall be the President of the Senate, but shall only have a casting vote therein. If, during a vacancy of the office of Governor, the Lieutenant-Governor shall be impeached, displaced, resign, die, or become incapable of performing the duties of his office, or be absent from the State, the President pro tem. of the Senate shall act as Governor until the office be filled or the disability cease.”
It is significant that a right of succession even beyond that of Lieutenant Governor was provided.*
In 1870 a question arose as to the power of appointment and this court, holding in The State ex rel. E. C. Weeks v. S. T. Day, 14 Fla. 9, at pp. 18-19, that the governor had the power, then said:—
“The office of Lieut-Governor is not named in any of the provisions for filling vacancies or for holding special elections, nor are other offices named; but it cannot be questioned that when a provision refers to certain cases, and in terms refers to ‘every other’ case not particularly provided for, it must include this. The language is quite as comprehensive as that used in the 7th Section of Article V. of the Constitution, which, it is considered, when it refers to ‘any office,’ includes that of Lieut.-Governor as among those in which a vacancy may be filled by an appointment.
***** Hi
“The conclusion is, that the appointment of Mr. Weeks to the office of Lieutenant-Governor in January, 1870, entitled him ‘to take and hold such office until the same’ should ‘be filled by an election as provided by law;’ * * *”
In 1960 by application of the Florida Constitution to the 1960 census a number of additional offices of Circuit Judges were created and this court held that the vacancies were automatic and should be filled immediately. That decision reported in Gray v. Bryant, Fla., 125 So.2d 846 is an extended discussion of the general subject, but it would serve no useful purpose to repeat the language here.
We have not overlooked that Section 3(a), Article IV, of the 1968 revision provided for further succession by law. Such a provision is necessary to fill a void which would be created by the simultaneous death of both the governor and lieutenant governor or a comparable situation.
For the reasons stated, it is our opinion and we advise you:—
(1) The office of Lieutenant Governor was created upon the adoption of the 1968 revision of portions of the Constitution of Florida, and to become effective at noon on the First Tuesday after the First Monday in January, 1969.
(2) You have the power and it will become your duty to appoint a Lieutenant Governor for an interim term beginning on that date and ending at noon on the first Tuesday after the first Monday in January, 1971.
Respectfully,
MILLARD F. CALDWELL
Chief Justice
B. K. ROBERTS
E. HARRIS DREW
CAMPBELL THORNAL
RICHARD W. ERVIN
WADE L. HOPPING
Justices.
ELWYN THOMAS, Justice, not participating.

 Compare Section 3(a), Article IV, 1968 revision, which provides:—
“Upon vacancy in the office of governor, the lieutenant governor shall become governor. Further succession to the office of governor shall be prescribed by law. A successor shall serve for the remainder of the term.”