QUESTION: Does s. 5(a), Art. II, State Const., prohibit a legislator from serving simultaneously in the Legislature and as a member of the Florida Commission on Human Relations?
SUMMARY: Section 5(a), Art. II, State Const., prohibits a legislator from serving simultaneously in the Legislature and on the Florida Commission on Human Relations. Section 5(a), Art. II, State Const., provides, in pertinent part, as follows: No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers. (Emphasis supplied.) This prohibition on "dual officeholding" appeared in the 1885 Constitution in substantially similar form, the only major change being the inclusion in the 1968 Constitution of municipal officials. Since the position of state legislator is clearly an "office," the question presented is whether membership on the Florida Human Relations Commission would constitute an additional "office" — the simultaneous holding of which is prohibited by s. 5(a), Art. II, supra. In State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897), the Supreme Court held the following regarding the definition of "officer": A person in the service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature, and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of the government, the place and the duties remaining though the incumbent dies or is changed, is a public officer; every "office," in the constitutional meaning of the term, implying an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws. A state officer is one who falls within this definition, and whose field for the exercise of his jurisdiction, duties, and powers is coextensive with the limits of the state, and extends to every part of it. The powers of the Commission on Human Relations include, inter alia, the right to accept moneys, both public and private, to help finance its activities; to recommend measures to eliminate discrimination; to receive, initiate, investigate, hold hearings on, and pass upon complaints alleging discrimination on the basis of race, color, religion, sex, or national origin; to render, at least annually, a comprehensive written report to the Governor and the Legislature; and to adopt, promulgate, amend, and rescind rules and regulations to effectuate the purposes and policies of this part and govern the proceedings of the commission in accordance with part II, Ch. 13, F. S., with Ch. 120, F. S. See s. 13.251. Additionally, the commission may exercise its powers throughout the state, and its members are appointed by the Governor, President of the Senate, and Speaker of the House in accordance with the requirements of s. 13.221. Section 13.221 and all appointments made thereunder are, of course, entitled to a presumption of validity. See and compare s. 3, Art. II, State Const., and Olustee Monument Commission v. Amos, 91 So. 125 (Fla. 1922); Westlake v. Merritt, 95 So.2d 662
(Fla. 1923); and In re Advisory Opinion to the Governor,217 So.2d 289 (Fla. 1968). Thus, I am of the view that the powers and duties of the commission are such that membership thereon constitutes the holding of an "office." As such, a legislator would be prohibited by s. 5(a), Art. II, State Const., from serving in the Legislature and on the commission simultaneously. See In re Advisory Opinion to the Governor, 1 So.2d 636 (Fla. 1941).