QUESTION:
Does s. 5(a), Art. II, State Const., prohibit a legislator from serving simultaneously in the Legislature and as a member of the Florida Advisory Council on Intergovernmental Relations?
Section 5(a), Art. II, State Const., does not prohibit a legislator from serving simultaneously in the Legislature and on the Florida Council on Intergovernmental Relations.
SUMMARY:
Section 5(a), Art. II, State Const., provides, in pertinent part, as follows:
 No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers. (Emphasis supplied.)
While this prohibition on `dual officeholding' appears in the 1885 Constitution in substantially similar form, see s. 15, Art. XVI, State Const. 1885, the italicized language above was added during the 1968 revision in order to except statutory advisory boards from the scope of the prohibition.
Since the position of state legislator is clearly an `office,' the issue which must be decided is whether membership on the Florida Advisory Council on Intergovernmental Relations also constitutes the holding of an office which would prohibit a legislator from serving on the same during his term of office.
In AGO 076-241, this office stated that s. 5(a), Art. II, State Const., prohibits a legislator from serving simultaneously in the Legislature and on the Florida Commission on Human Relations. This opinion was based on the statutory powers of the commission which included, inter alia, the authority to recruit, initiate, investigate, hold hearings on, and pass upon complaints alleging discrimination and to adopt, promulgate, amend, and rescind rules and regulations to effectuate the purposes and policies of part II, Ch. 13, F. S. An examination of the then existent powers of the commission indicates that the commission could not be characterized as a purely advisory body, but instead the members thereof were authorized to exercise powers associated with those of an office. Compare State ex rel. Clyatt v. Hocker, 22 So. 721
(Fla. 1897).
By contrast, the powers exercised by the members of the Florida Advisory Council on Intergovernmental Relations are advisory and as such excluded from the prohibition of s. 5(a), Art. II, State Const. Moreover, s. 163.704(2), F. S., states:
 Each member of the council shall perform the duties of a member of the council as additional duties required of him in his other official capacity.
An officer who holds an additional office as a member ex officio does not violate s. 5(a), Art. II, State Const., when the Legislature directs such official to serve as a member and carry out the powers and duties of another office `because of an office already held, so long as the duties of the two offices are not incompatible or inconsistent.' See Whitaker v. Parson, 86 So. 247,252 (Fla. 1920); State ex rel. Gibbs v. Gordon, 189 So. 437, 440
(Fla. 1939); Miller v. Davis, 174 So.2d 89 (Fla. 1964); AGO 074-50. Significantly, s. 163.704(3) and (5), F. S., provide that legislative members' terms shall correspond to their terms of office and that, if a legislator ceases to be an officer or member of the unit he is appointed to represent, his membership on the commission shall terminate immediately and a vacancy shall exist. It does not appear that the office of legislator and member ex officio of the Advisory Council on Intergovernmental Relations are inconsistent or incompatible. To the contrary, it would seem that the Legislature structured this overlapping membership to promote legislative input and participation in solving intergovernmental problems. See s. 163.702(1) and (2), F. S. Moreover, this statute and all appointments made thereunder are entitled to every presumption in favor of their validity. See and compare s. 3, Art. II, State Const., and Olustee Monument Commission v. Amos,91 So. 125 (Fla. 1922); Westlake v. Merritt, 95 So.2d 662 (Fla. 1923); and In re Advisory Opinion to the Governor, 217 So.2d 289 (Fla. 1968).
Accordingly, pending judicial clarification, a legislator may serve as a member of the Florida Advisory Council on Intergovernmental Relations without violating s. 5(a), Art. II, State Const.
Prepared by: Sharyn L. Smith Assistant Attorney General