GEORGE O. PALMER, as Executive Chairman of the Everglades National Park Commission, v. STATE OF FLORIDA, upon the relation of Benjamin Axleroad.

6 So. (2nd) 550                    Division B
February 27, 1942

J. Tom Watson, Attorney General, Lewis W. Petteway, Assistant Attorney General, and Tiffany Turnbull, Special Assistant Attorney General, for appellant.

H. W. Burwell, for appellee.

THOMAS, J.:

Upon consideration of the testimony introduced upon the alternative writ of mandamus and the answer of respondent a peremptory writ issued commanding the approval of salary warrants to relator for more than six thousand dollars in payment for his services as executive secretary of Everglades National Park Commission for the period from 15 November 1937 to 4 August 1940. The trial judge specifically found that the "relator did not voluntarily resign or relinquish his office as executive secretary" and that

during the above period he "was the executive secretary of the commission."

The appellant challenges the status of relator as an officer and insists that he was an employee who was not entitled to compensation from the time he left the employment and ceased to perform any services. When the matter of the relator's compensation was considered by this Court in State ex rel. Axleroad v. Lee, Comptroller, 132 Fla. 512, 181 So. 9, it was clearly stated that his status as an employee or office holder was immaterial in that controversy. It now appears important to decide the point.

He was designated executive secretary of the park commission 4 August 1936 and was compensated for his work until 15 November 1937. His claim for remuneration from the latter date to August 4, 1940 is founded on the position that he was an officer and that, no term having been specified in the Act (Chapter 16996, Laws of Florida, Acts of 1935) under which he was appointed, his tenure expired four years later because of the ruling in Landis, et al., v. Green, et al., 107 Fla. 335, 144 So. 681. The assertion is only as sound as the premise and we will, therefore, for the time devote our attention to the latter.

It is not simple to define precisely employee and officer or to distinguish between them. The task is not made easier in the instant case by the opinion in State ex rel. Coe v. Lee, 147 Fla. 464, 3 So. (2nd) 497, dealing with the executive-chairmanship, which decision counsel for relator insists is determinative of the present controversy. It is true that certain features of the places named in the act "Executive-Chairman" and "Executive-Secretary" are the same

but they are not identical in origin or in the authority to be exercised by the incumbents. The holder of the former post must be selected from the commission which is itself given extensive powers as may be seen by reading the act. One who serves in the latter need not be selected from the commission and from a study of the law we are impressed by the obscurity of his duties. See Article III, Section 27 of the Constitution:

Mr. Justice Whitfield wrote in State ex rel. Holloway v. Sheats, 78 Fla. 583, 83 So. 508, that "the term 'office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law . . ." and that "employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature. . . ." We find nothing in the Act that expressly shows any authorization of the exercise by the executive secretary of any portion of the sovereign powers nor have we discovered language from which duties so important could be deduced.

As we have pointed out no definite term of office, or as Mr. Justice Whitfield terms it, tenure is fixed in the Act. This omission in itself would not, in view of the ruling in Landis, et al., v. Green, supra, stamp the position as an employment but may be considered as an element in construing its status.

Next we turn to Article XVI, Section 2 of the Constitution and find that "every officer of this State . . . shall before entering upon the discharge of his official duties take oath of office" which is prescribed. What relator did in this regard is vague. His own testimony is: "when I came in . . . Ernest Coe [then executive-chairman] asked me if I would swear to

follow the Constitution and perform all the duties required of an Executive Officer, and I raised my hand and swore that I would." He added that he did not file an oath with the Secretary of State and didn't know it was necessary. An examination of this testimony is unconvincing that the constitutional requirement was met.

Statutory law (Section 460 C.G.L., 1927) is that the oath of an officer as well as the commission issued by the Governor shall be filed in the office of the Secretary of State and this brings us to the consideration of the manner in which the relator was authorized to enter upon his service as executive secretary. Evidently, he received no formal commision for it is represented by the Attorney General that no record of one appears in the office of the Governor or the Secretary of State. Although it was held in State v. Giblin, 98 Fla. 802, 124 So. 375, that the issuance of a commission is not indispensable to the validity of an office we think that the absence of one here is important when considered with other circumstances surrounding relator's appointment and service.

We will conclude this phase of the controversy by referring to the provision in the Constitution (Section 3, Article XVI) that "The salary of each officer shall be payable monthly upon his own requisition" and a comparison of it with Section 2, Chapter 17903, Laws of Florida, Acts of 1937, requiring all "accounts . . . and bills of any nature against the Everglades National Park Commission" to be examined by the Executive Chairman, and if approved by him, delivered to the Comptroller for payment. The relator recognizes that if a warrant is to be issued for the amount he claims it must receive approbation of the

executive chairman for that is the relief he sought and was granted in the peremptory writ. Here, again is evidence that his service was that of employment and not as an officer.

Keeping in mind that the principal difference between an officer and employee is the exercise by the former of a part of the sovereign power and considering with that feature, the circumstances we have discussed, the provisions of organic and statutory law and the effect of our own decisions we conclude that relator was not an officer and that his service could be terminated by the Governor at pleasure.

That it was ended in December 1937, is established to our satisfaction and we conclude that relator may not recover salary subsequent to that month. We are of the opinion, however, in view of the ruling in State ex rel. Axleroad v. Lee, supra, that he is entitled to recovery of compensation for the period from 15 November 1937 to 31 December 1937. It is our order that the peremptory writ shall so provide and that in all other respects the judgment be reversed.

WHITFIELD, Acting Chief Justice, TERRELL, and CHAPMAN, JJ., concur.