HOBSON, Judge.
This is an appeal by the appellants, plaintiffs below, from an order and judgment dismissing the amended complaint of the appellants with prejudice as the appellants declined to plead further. The appellant, Lucile A. Pourtless, under the allegations of the complaint, was a business invitee on the appellee’s premises. The appellant, Robert C. Pourtless, joined in the complaint his derivative claim as husband of Lucile A. Pourtless.
*513 The allegations of negligence on the part of the appellee are set forth in paragraph' 4 of Count I of the amended complaint, which reads as follows:
“4. Shortly prior to the scheduled time for the party, defendant, although possessing ample space and adequate equipment with which to arrange its facilities in a safe and open place, carelessly and negligently (1) selected and used two dining room tables with tubular U-shaped legs rounded at the bottom and affixed to the under surface of the table approximately six inches from each corner, (2) placed one of these tables in close proximity to a large, square and immovable column, and (3) inserted flush between the table and column a heavy arm chair as a seat for one of the players. The net result was a place so cramped that any person attempting to sit in or arise from said arm chair would be compelled to squeeze in and out, unable to push aside the chair or, because of its weight, to move the table, thereby preventing such person through ordinary observation from seeing the type and location of the legs underneath the table. Plaintiff accordingly charges that defendant failed to provide her with a safe place and equipment for the party, that defendant knew or in the exercise of reasonable diligence should have known that under the circumstances herein described the table legs constituted a hidden hazard to the occupant of said chair, and that it failed to warn plaintiff of such danger.”
The final order and judgment of dismissal did not state the trial court’s grounds therefor. However, the dismissal must be necessarily based on either (1) these allegations are not sufficient to allege negligence on the part of the appellee, or, (2) these' allegations on their face show that the appellant, Lucile A. Pourtless, was contribu-torily negligent and therefore precluded from recovering against the appellee. Either of these grounds for dismissal would defeat the derivative claim of the appellant-husband.
It is the well established law of the State of Florida that when testing a complaint on a motion to dismiss all facts properly pleaded therein are deemed admitted. Fletcher v. Williams, Fla.App. 1963, 153 So.2d 759. In due respect to the learned Trial Judge, the opinion of the Second District Court of Appeal in the case of Carter, et vir. v. Parker et al., 183 So.2d 3 (filed Feb. 16, 1966), had not been rendered at the time of the entry of the final order and judgment in this cause. We feel that the Carter case, supra, is controlling in the instant case.
In the Carter case a final summary judgment was entered in favor of the defendants after the plaintiff-wife’s deposition had been taken and filed but prior to the defendants filing their answer. The Carter complaint alleged in substance that the defendants’ lounge was kept in a darkened state; that the tables and chairs were arranged in a congested and hazardous manner; that the chairs on the premises were constructed in such a manner as to create a dangerous condition; that because of the dimly lit atmosphere patrons of the lounge were not aware of these dangerous conditions; that the chairs had extreme, protruding legs and thus a dangerous condition was created. At first glance the allegation in the Carter complaint of a dim and darkened condition would distinguish that case from the instant allegations of negligence. However, upon a careful consideration of the allegations in the instant case it is seen that the table legs were recessed approximately 6 inches from each corner of the table and therefore were hidden from the view of the appellant-wife. In our opinion an allegation of a hidden hazard is much stronger than an allegation of a dimly lit area where chair legs are extremely protruding.
It is argued by the appellee that the appellant-wife had successfully maneuvered into the chair and did not trip over the table leg until some one hour and forty-five minutes after being seated when she attempted to get up and therefore she should have been aware of the alleged cramped *514 quarters and the legs of the table. This is a reasonable argument; however, it is our view that a more reasonable and stronger argument is that in view of the fact that the appellant-wife successfully maneuvered in seating herself without difficulty and without observing the recessed table legs that she, upon arising could reasonably assume that she would have no difficulty extracting herself from the cramped quarters and is not deemed to have been put on notice of any dangerous, hidden condition, i. e., the recessed table legs.
Comparing the other allegations of negligence in the Carter case to the instant case, the allegations of negligence in the instant case are, if anything, stronger than those in the Carter case. It should also be noted that the Carter case came to this court on a final summary judgment, whereas the instant case is here on a final order and judgment dismissing the amended complaint.
After reciting the allegations of negligence in the Carter case as set forth above, the court continued and stated:
“There is little doubt that plaintiffs were invitees of defendants’ place of business. As such, defendants owed plaintiffs the duty of keeping their premises in a reasonably safe condition and to guard plaintiffs against dangers of which defendants were cognizant or might reasonably have foreseen. McNulty v. Hurley, 97 So.2d 185 (Fla.1957). We are of the view that the pleadings and deposition show the existence of a fact issue as to whether defendants breached this duty owed to plaintiffs. Thus, it was error to grant summary judgment in defendants’ favor.
“Defendants contend that plaintiff-wife’s deposition shows she was guilty of contributory negligence as a matter of law and thus is precluded from recovery even if defendants were negligent. This issue is also one for a jury to determine and, under the circumstances, it would have been error to grant defendants a summary judgment on that basis.”
For the reasons stated above the final order and judgment of dismissal entered by the trial court is reversed.
PIERCE, J., concurs.
SHANNON, Acting C. J., dissents.