BOYD, Justice.
This cause is before us on petition for writ of mandamus seeking to require respondent, Fred O. Dickinson, Jr., as Comptroller of the State, to issue warrants to pay petitioner and his assistant, Alva Duncan, the salaries due them as State Attorney and Assistant State Attorney, respectively, of the Third Judicial Circuit. The alternative writ issued and return has been made.
Petitioner alleges that he was duly elected as State Attorney of the Third Judicial Circuit at a general election held November 5, 1968; that he took oath of office on December 5, 1968, and promptly paid the required fees; that on January 7, 1969, he assumed the duties of his office; that the Governor, by Executive Order dated January 7, 1969, suspended petitioner from office. Petitioner further states that the alleged charges against him were referred to the Senate, that hearing was had before a select committee of seven Senators and on February 17, 1969, the Senate voted to adopt the report of its committee that petitioner be not removed from office and that he be reinstated therein; that on February 18, 1969, he and his assistant assumed the duties of their offices and since that date have continued to perform those duties; that notwithstanding the foregoing, respondent has failed, refused and neglected to issue monthly warrants for pay to petitioner and petitioner’s assistant.
The Constitution of 1885 was in effect until January 7, 1969, and was controlling at the time of his election.
Respondent admits petitioner’s allegations stated above but contends that since petitioner has not been issued a commission, his title to the office is riot de jure. Respondent states that the Comptroller is not required to issue warrants for the payment of salaries, expenses and allowances to an officer who has not received a commission from the Governor.
Respondent’s contentions are without merit. Petitioner is the 'duly elected State Attorney for the Third Judicial *98 Circuit. The issuance of a commission is not essential to the validity of an office.[1] We agree with the following statement of Mr. Justice Ellis in State ex rel. Davis v. Giblin:[2]
“Where the issue of a commission is not made by law a necessary part of the election or appointment of a person to office, the appointment is complete when the choice of the appointing or electing power has been made. Even when under the law an appointment or election to office is not complete until the officer has been commissioned, the issue of the commission is in many circumstances regarded as a ministerial act which may be enforced by mandamus. * * *
“While the appointment of an officer is usually evidenced by a commission, it is not essential as a general rule to the validity of the appointment that a commission issue. * * *
“It would indeed be an anomalous situation if after an election to office by the people or selection by the concurrent action of two powers of the government the possession of the office should depend upon the will of a commissioning officer as to whether he would issue a commission for a part of the term of office, or for the entire term, or withhold it altogether and thus modify or defeat the election of the person to such office.”
We hold that in the adoption of the Constitution of this State, the people never intended that any public official could thwart the will of the public expressed at an election by failure to do any ministerial act. Thus, it is the duty of the Comptroller to authorize payment to petitioner, from and including January 7, 1969, and to his assistant from and including February 18, 1969, and for the balance of their respective terms, of the emoluments of office, as fully as if the Governor had commissioned petitioner.
The return having been found to be insufficient, the petitioner’s motion for peremptory writ of mandamus notwithstanding the return is granted.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW and ADKINS, JJ., concur.

. Palmer v. State ex rel. Axleroad, 149 Fla. 616, 6 So.2d 550 (1942) ; See Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60 (1803).

. 98 Fla. 802, 804, 124 So. 375, 376 (1929).