ERVIN, Chief Justice
(dissenting).
The majority opinion equates an appointment by the Governor of a substitute tem *587 porary hearing officer for the State Beverage Director pursuant to the authority of F.S. Section 120.09(2) (3) F.S.A., with the constitutional filling of an “unexpired term” because of vacancy in office which usually occurs due to resignation, death or suspension from office. See Section 7, Article IV of the 1885 Constitution (relating to the Governor’s filling vacancies).
The majority opinion holds that all the formalities required in filling a vacancy in a state office in the constitutional sense for an unexpired term, i. e., issuance of a gubernatorial commission, taking of a constitutional oath, and executing an official bond, are necessary to the valid appointment of a substitute temporary hearing officer. To this I dissent. It is obvious there was no vacancy in office here for the Governor to fill for the unexpired term in the sense contemplated by said Section 7, Article IV. The incumbent director had not surrendered his title to the office— although he had disqualified himself in the instant controversy.
The object of the statute (F.S. Section 120.09(2) (3) F.S.A.) serves the reasonable purpose of providing for a temporary officer to proceed with the disposition of an administrative proceeding (e. g., a particular investigation, inquiry, hearing, trial, appeal, matter or thing) where the authorized and commissioned regular public offical who otherwise would have jurisdiction to determine the administrative matter is disqualified. The 1885 Constitution does not contemplate or permit the Governor to appoint two commissioned and qualified officials to hold one office at the same time.
F.S. Section 120.09(2) (3) F.S.A., is a “stop-gap” procedure designed to provide a temporary substitute for the duly appointed and commissioned official in a particular administrative proceeding where the latter is disqualified therein. Comp.: State ex rel. Allen v. Board of Pub. Instruction (Fla. App.) 214 So.2d 7, and Bd. of Pub. Inst. v. State ex rel. Allen (Fla.) 219 So.2d 430.
The Governor who appointed the State Beverage Director, Honorable Don D. Meikeljohn, pursuant to F.S. Section 561.-05 F.S.A. to serve a term co-terminus with the Governor’s term, appointed Honorable Frank Orlando, a practicing attorney and a juvenile judge in Broward County, Florida, to serve only as temporary substitute Director in lieu of Mr. Meikeljohn, to conduct the administrative inquiry relating to the beverage license of petitioner-appellant in which inquiry Mr. Meikeljohn had disqualified himself.
This temporary appointment was made by the appointing authority (the Governor) who had placed Mr. Meikeljohn in office as Beverage Director. The statute provides for a substitute, not a total replacement for the incumbent during the remainder of his term. The Governor is the principal executive officer functioning for the State in the premises — the appointing authority — since he is given the authority under the constitution of seeing that the laws are faithfully executed, in this instance by making a temporary substitution for his incumbent appointee. He appointed a temporary pro hac vice or ad hoc officer pursuant to authority of the statute to proceed to disposition of a particular administrative matter in which his regular appointee was disqualified. This procedure is in line with similar procedures provided for substitution of judges and administrative officers in isolated cases and proceedings where disqualifications have been entered. Cf. Kirk v. Baker (Fla.) 224 So.2d 311.
The statute (Section 120.09(2) (3)) sets forth a complete scheme and design to avoid a hiatus or impasse in the disposition of administrative proceedings in situations where regular incumbent officers must disqualify themselves.
The decision of the majority in effect strikes down F.S. Section 120.09 F.S.A. and in doing so points to no practical alternative. The Governor has no power under the constitution to appoint and commission another Beverage Director where his in *588 cumbent regular Director still holds his appointment; there is no official vacancy, and where presumably he will continue to hold office until his term expires.
There cannot be two commissioned heads of the Beverage Department at the same time. Unless the Governor can follow the statute (F.S. 120.09 F.S.A.) and by virtue of his appointive authority clothe another as a temporary substitute, an unreasonable impasse will be reached in the orderly disposition of administrative matters where the incumbent officer is disqualified.
Even if it be concluded there is a “temporary” vacancy in the office of the Beverage Director by reason of his disqualification in an isolated inquiry or investigation, Section 7 of Article IV of the 1885 Constitution only authorizes a gubernatorial appointment for the “unexpired term.” However, Section 7 of Article IV provides a restriction that such an appointment can be made by the Governor for the unexpired term only if “no mode is provided by this Constitution or by the laws of the State for filling such vacancy.” (Emphasis supplied.) It may be argued that F.S. Section 120.09 F.S.A. is a law providing another mode for the filling of a part-time temporary “vacancy.” At any rate, there is certainly nothing in the Constitution prohibiting the Legislature from providing legislation to bridge “stopgap” interim situations of the kind involved herein by the enactment of such laws as F.S. Section 120.09 F.S.A., since the constitution only prescribes regulations for filling “unexpired terms,” and not “stopgap” situations.
I fear we have gone far afield technically, giving a strained and impractical construction to the Administrative Procedure Act which is altogether unnecessary under applicable provisions of the Constitution. The statute relates to isolated interim situations where there is no vacancy in office in the constitutional sense and should be permitted to operate practically for the orderly functioning of administrative processes without the constitutional formalities attendant to the complete replacement of an official who has surrendered all vestige of title to his office. Issuance of a commission by the governor is not essential to validity of office. Slaughter v. Dickenson (Fla.) 226 So.2d 97.
ROBERTS and ADKINS, JJ., concur.