BOYD, Justice.
Upon petition of the Attorney General of Florida, the Honorable Robert L. Shev-in, this Court issued a writ of quo warran-to requiring respondent, William R. Page, to show cause why he should not be required to surrender the office he claims to relator, William Lawson.
Jurisdiction is conferred by Article V, Section 4(2) of the Constitution of the State of Florida, F.S.A., and Florida Appellate Rule 4.5, subd. e, 32 F.S.A. No questions of fact requiring the taking of testimony were raised.
Chapter 67-1187, Special Acts of Florida, 1967, created the South Broward Transit Authority District, and Section 3 thereof as amended by Chapter 70-620, Special Acts of 1970, empowered the Governor of the State to appoint a member to said District from each of five subdistricts.
Relator William Lawson, a resident of Subdistrict 4, was commissioned as member of said South Broward Transit Authority District by the Honorable Reubin O’D. Askew, Governor of the State of Florida, on May 5, 1971, for a term until July 2, 1974.
Respondent, William R. Page, also a resident of Subdistrict 4, presently occupies the office of member of South Broward Transit Authority District by virtue of appointment by the Honorable Claude R. Kirk, Jr., immediate past Governor of the State of Florida.
Relator states that respondent’s appointment to the office is incomplete and invalid. On December 8, 1970, Governor Kirk informed the Secretary of State in writing of his intention to appoint respondent and instructed him to prepare the necessary pa *258 pers. Governor Kirk, however, failed to sign a commission in favor of respondent prior to the expiration of his term of office as Governor. Thereafter, on April 13, 1971, Governor Reubin O’D. Askew, the successor of Governor Kirk, instructed the Secretary of State to cancel respondent’s appointment.
Article IV, Section 1(a) of the Constitution of the State of Florida vests the Governor with the “supreme executive power” and requires him to “commission all officers of the state and counties.” Florida Statute 113.051 (1969), F.S.A., requires:
“All grants and commissions shall be in the name and under the authority of the State of Florida, sealed with the great seal of the state, signed by the governor and countersigned by the secretary of state.”
A member of the South Broward Transit Authority District is an officer of the counties as contemplated by Article IV, Section 1 (a) of the Constitution.
Relator correctly states that the written intention of appointment of respondent by Governor Kirk dated December 8, 1970, was not a “commission” as contemplated by Article IV, Section 1 of the Constitution or as defined by Florida Statute 113.-051, F.S.A. By failing to execute a commission in favor of respondent, Governor Kirk failed to appoint him to the office of member of the South Broward Transit Authority District.
The record indicates that respondent acted in good faith and attempted to qualify for the office as required by law. He submitted a bond to the office of the Clerk of Circuit Court which was complete on its face except no date of execution was shown. The Clerk failed to transmit same to the Governor and on January 4, 1971, while the Honorable Claude R. Kirk, Jr., was still Governor, the respondent submitted same to the office of the Secretary of State but the papers were not processed for the Governor’s signature on a commission because the Clerk of Circuit Court still had not approved same as required by law.
We fully appreciate the frustration and inconvenience caused to respondent, but must make an objective determination of whether the situation here meets the requirement of law for valid appointment to office. In this case the Governor had the sole power to appoint any qualified person pursuant to law and could only remove him for cause after completion of appointment.[1]
Chapter 67-1187, Special Acts of Florida, as amended by Chapter 70-620, Special Acts of Florida, gives the Governor unfettered authority to appoint members of the South Broward Transit Authority District; accordingly, signing a commission for such office involves his executive discretion and judgment and serves to complete and effect the appointment.
Where, as in this case, no election by the voters or approval by the State Senate are required, a simple statement or letter of intent from the Governor saying he was appointing a person to office would not be final and valid unless and until a commission is executed by the Governor and attested by the Secretary of State.[2] We recognize that a governor cannot thwart the public will by refusing to execute a commission to a person lawfully elected and could not arbitrarily withdraw an appointment approved by the Senate.[3] But such was not the case here.
*259 Our decision does not conflict with Slaughter v. Dickinson[4], holding that the duly elected State Attorney of the Third Judicial Circuit and his duly appointed assistant, were entitled to be paid by the Comptroller even though no commissions had been signed for them by the Governor. In Slaughter we held that the issuance of a> commission by the Governor was not essential to the validity of the office. Since the State Attorney’s authority arose from the fact that he had been duly elected, issuance of a commission was merely ministerial. The Assistant State Attorney, in turn, held his position by virtue of a valid appointment made by the State Attorney, pursuant to Fla.Stat. § 27.181, F.S.A., which did not require issuance of a commission signed by the Governor. The statute upon which the appointment was grounded specifically makes the job of Assistant State Attorney a position and not an office.
In the instant case, the act of appointment was not completed by the execution of a commission by Governor Kirk, therefore his successor, Governor Askew, could have completed the appointment of respondent but chose not to do so. It is the impersonal office of governor that must act, regardless of the occupant at any given time.
The present Governor, Honorable Reu-bin O’D. Askew, has issued a commission to the relator and he appears to be otherwise qualified. We hold, therefore, that relator William Lawson is the lawful holder of the office here contested.
Accordingly, it is the order of this Court that respondent, William R. Page, be, and he is hereby, ousted from the office he claims to hold and that all authority claimed by him thereunder is from this day forward terminated and that relator, William Lawson, holds title to the office in question by virtue of his appointment and is authorized and empowered to exercise the duties and functions of same.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and DEKLE, JJ., concur.

. Advisory Opinion to Governor, 247 So.2d 428 (Fla.), Opinion filed May 7, 1971; Tappy v. State ex rel. Byington, 82 So.2d 161 (Fla.1955); State ex rel. Davis v. Giblin, 98 Fla. 802, 124 So. 875 (1929).

. Marbury v. Madison, 1 Cranch 137, 21 L.Ed. 60 (1803); Treasure, Inc. v. State Beverage Dept., 238 So.2d 580 (Fla.1970).

. Tappy v. State ex rel. Byington, 82 So.2d 161 (Fla.1955); State ex rel. Davis v. Giblin, 98 Fla. 802, 124 So. 375 (1929).

. 226 So.2d 97 (Fla.1969).