OWEN, Judge.
Appellant seeks review of an order dismissing with prejudice her amended complaint against the State of Florida Department of Transportation. We conclude that this was error and reverse.
The amended complaint alleged, among other things, that as a result of the negligent design, construction and maintenance of a certain state highway intersection a condition was created which on February 9, 1970, caused an automobile collision resulting in the death of the plaintiff’s spouse while operating his motor vehicle on the highway. The motion to dismiss, and supplemental motion to dismiss, filed by the State of Florida Department of Transportation asserted a lack of jurisdiction because of sovereign immunity, and the failure to state a cause of action. The order dismissing the amended complaint with prejudice does not set forth the basis upon which it was entered.
It would appear that at least some of the conduct alleged to be negligent occurred after July 1, 1969. This is the effective date of Chapter 69-116, Laws of Florida, by which sovereign immunity was waived as to certain torts. The question of whether Chapter 69-357, Laws of Florida (which terminated the waiver of sovereign immunity effective July 1, 1970), nullified the court’s jurisdiction over the pending cause, is now moot. Chapter 71-165, Laws of Florida, effective July 1, 1971, expresses the legislative intent that the waiver of sovereign immunity authorized by Chapter 69-116, Laws of Florida, is revived as to causes of action arising during the period from July 1, 1969 to July 1, 1970, and that the courts of this state shall have continuing jurisdiction over such actions until final judgment and satisfaction thereof.
On the motion to dismiss we accept as true the allegations of the amended complaint. Kest v. Nathanson, Fla.App.1968, 216 So.2d 233. The allegations are sufficient to state a cause of action against the State of Florida Department of Transportation. We are not presently concerned with either questions of proof or availability of defenses not appearing on the face of the amended complaint.
The order appealed is reversed and this cause remanded for further proceedings consistent herewith.
REED, C. J., and CROSS, J., concur.