CARLTON, Acting Chief Justice:
The State Department of Transportation appeals from a decision of the District Court of Appeal, Fourth District, Feltner v. Fluder, 252 So.2d 823 (4th D.C.A.Fla.1971), relating to the State’s immunity for torts committed by its officers, employees or servants between July 1, 1969 and July 1, 1970. We affirm the appealed decision.
In its 1969 Session, the Legislature enacted Laws 1969, ch. 69-116, which waived sovereign immunity as to torts as of July 1, 1969. Subsequently, in the same Session, the Legislature enacted Laws 1969, ch. 69-357, which repealed the immunity waiver as of July 1, 1970. The repealing statute did not contain a savings clause safeguarding causes of action arising during the one year when the waiver statute was in effect.
In February 1970 Robert Feltner was killed in an accident occurring at an intersection of two State Roads. His widow, the appellee, filed a negligence suit in April 1970, against the State, alleging that faulty design, construction and maintenance of the intersection was a proximate cause of the accident. These events oc *671 curred while the waiver statute was operative. After the effective date of the repeal, the Department moved to have the complaint dismissed; although several grounds for this were assigned, it appears that the controlling argument was that the repeal forced an abatement of all actions, at whatever stage of progress, as of the effective date of the repeal.
The motion to dismiss was granted, and the widow lodged an appeal with the District Court. Briefs were filed in that forum and oral arguments were presented relating to the effect of the repeal on pending litigation. After the appearance of the litigants below, but before a decision had been announced by the District Court, the Legislature enacted Laws 1971, ch. 71-165. This statute permitted revival of all causes of action arising during the one-year period when Laws 1969, ch. 69-116 was in effect; it also provided that the courts of the State would have continuing jurisdiction over such actions until final judgment and satisfaction thereof. Thereafter, the District Court announced that the issue of the effect of the repealer, Laws 1969, ch. 69-357, was rendered moot by passage of the new act; the dismissal order was reversed, and the cause sent back for further proceedings.
On petition for rehearing, the Department argued that the new statute violated Article III, Section 6, Florida Constitution, F.S.A., because: first, it sought to revise or amend a repealed statute (Laws 1969, ch. 69-116) by reference to its title only; second, it was drafted so as to depend on the repealed (and, therefore, void) statute for its meaning. By rejecting these arguments through a denial of rehearing, the District Court necessarily passed on the constitutionality of the new statute, Laws 1971, ch. 71-165, thereby vesting this Court with jurisdiction. Article V, Section 4(2), Florida Constitution.
We agree that passage of Laws 1971, ch. 71-165 rendered moot the other issues raised before the District Court. See Holliday v. State, 257 So.2d 269 (3rd D.C.A.Fla.1972). The Legislature expressly stated that it sought to revive the prior causes of action because no provision had been made for a savings clause in Laws 1969, ch. 69-357. We cannot agree with the Department that the new act constituted an amendment or revision of the initial waiver act; rather, it was an independent statute necessitated by the initial act’s repeal. Nor can we agree that the passage of the repeal rendered the initial waiver act void ab initio; in suggesting this result, the Department overlooks the fact that by its own terms the repealing act gave the initial act a one-year period of operation. Thus, reference to Laws 1969, ch. 69-116 in Laws 1971, ch. 71-165 was appropriate since the former was a valid enactment, albeit one of limited duration.
The decision appealed is affirmed.
It is so ordered.
ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.