ERVIN, Justice.
We here consider a case of original jurisdiction in mandamus which is at issue on alternative writ and motion to quash, has been briefed by the parties and is ready for disposition.
The question presented is whether the Governor of Florida may in this case be required by a writ of mandamus to cause a state warrant countersigned by him to be drawn on appropriate state funds in the State Treasury to pay a tort judgment duly recovered in the circuit court by a plaintiff injured by the negligence of an *2 employee of a state agency, against that agency, together with costs and interest thereon. The Governor’s motion to quash specifically raises this ground:
“That mandamus will not lie to compel the Governor to perform any act, irrespective of its nature and notwithstanding that the validity of the claim of the Petitioner may have been finally and affirmatively adjudicated.”
We answer the question in the affirmative as to this case and hold that the writ of mandamus should issue herein for the reasons hereinafter discussed.
F.S. Section 768.151, F.S.A. provides as follows:
“768.151 Waiver of sovereign immunity; revival of certain causes. — -The waiver of sovereign immunity authorized by chapter 69-116, Laws of Florida (former § 768.15), is revived as to causes of action arising during the period from July 1, 1969, to July 1, 1970, and the courts of this state shall have continuing jurisdiction over such actions until final judgment and satisfaction thereof. If any such action heretofore filed has been dismissed or otherwise disposed of on the grounds that chapter 69-116, Laws of Florida, was repealed by chapter 69-357, Laws of Florida, such action shall be reinstated by order of the court upon the filing of a petition by the plaintiff during the period between July 1, 1971, and July 1, 1972. Any person who has not heretofore filed suit but who claims a right of action pursuant to chapter 69-116, Laws of Florida, during its effective period shall have the right to file same at any time after July 1, 1971, but before July 1, 1972. Any action prosecuted under this section shall be subject to all provisions of chapter 69-116, Laws of Florida.”
Chapter 69-116 (former F.S. Section 768.15, F.S.A.) provided as follows:
“768.15 Torts by public officers and employees. — (1) Waiver of Immunity. — The state, for itself and its counties, agencies, and instrumentalities, waives immunity for liability for the torts of officers, employees, or servants committed in the state. The state and its counties, agencies, and instrumentalities shall be liable in the same manner as a private individual, but no action may be brought under this section if the claim :
(a) Arises out of the performance or the failure to perform a discretionary function;
(b) Arises out of a riot, unlawful assembly, public demonstration, mob violence, or civil disturbance;
(c) Arises out of the issuance, denial, suspension, or revocation of, or by the failure to issue, deny, suspend, or revoke, a permit, license, certificate, approval, order, or similar authorization; or
(d) Arises out of the collection or assessment of taxes.
(2) Punitive Damages. — Punitive damages shall not be allowed in an action brought under this section.
(3) Venue. — Actions under this section shall be brought in the county where the cause of action arose.
(4) Remedies Cumulative. — The rights and remedies under this section are cumulative to all others.
(5) Effective Date. — This section shall become effective on July 1, 1969 and shall not apply to acts or omissions occurring before that date.”
It appears from the alternative writ of mandamus herein that
“1. On or about September 2, 1969, Petitioner and Plaintiff below, JOHN D. WILLITS, was injured while incarcerated in the Glades Correctional Institute located in Palm Beach County, Florida, due to the negligence of employees of said institution.
*3 “2. At the time of said occurrence the State of Florida had waived sovereign immunity for liability for torts of its employees by Florida Statute 768.15.
“3. Suit was instituted against the State of Florida Department of Health and Rehabilitative Services, Division of Adult Corrections, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County.
“4. Final Judgment was entered against the above named state agency on May 12, 1971, in the amount of $11,000.00. Costs were thereafter assessed against the Respondent on July 5, 1972, in the amount of $427.00.
“5. The Respondent appealed the final judgment to the Fourth District Court of Appeal which Court affirmed the judgment of the trial court. The Respondent then sought review by Certiorari to the Supreme Court of Florida which was denied by the Supreme Court on May 10, 1972.
“6. The Petitioner has made repeated demands upon the State of Florida for payment of said Final Judgment together with the costs assessed and interest, but the State refuses to pay said sums of money. The Petitioner is prohibited by law from levying against assets of the State of Florida to satisfy the Final Judgment.”
The alternative writ commands as follows :
“NOW, THEREFORE, this is to command you, the said Honorable Reubin Askew, Governor of the State of Florida, to issue or cause issuance of payment by the State of Florida of the Final Judgment in the amount of $11,000.00, together with court costs assessed in the amount of $427.00, together with interest on said sums of money from the date of the respective orders assessing same or show cause, via return and brief, if any you have, on or before April 16, 1973, why Peremptory Writ of Mandamus commanding the same to be done by you should not issue.”
It is our view that F.S. Section 768.15, F.S.A. waived the State’s immunity in this case and the negligence action was authorized. A judgment therein was duly recovered by Petitioner John D. Willits and affirmed on appeal. See State Department of Health and Rehabilitative Services, Division of Adult Corrections v. Willits, Fla. App. 4th, 257 So.2d 590.
Passing now to the question raised as to whether the Governor can be required by a writ of mandamus to cause a state warrant countersigned by him to issue for the payment of a duly and legally authorized indebtedness of the State or one of its agencies, we conclude the rigid rule to the contrary announced in the case of State ex rel. Axelroad v. Cone, 137 Fla. 496, 188 So. 93, has been greatly eroded by subsequent decisions and constitutional changes. The Court has come about to the view that the Governor’s participation in the issuance of state warrants (except in those situations involving the issuance of state warrants where his constitutional discretion and judgment are clearly involved) is ministerial in nature. We no longer adhere to the holding in the Axelroad case, that the Governor has' the unbridled authority merely by virtue of his chief executive status to withhold issuance of a warrant. Of course, this is not to say that the Governor may not raise in a mandamus action any defense of the State or one of its agencies to a demand for the issuance of a state warrant. We only hold that he is not immune merely by reason of his chief executive status from being coerced by mandamus to issue a state' warrant. Compare Slaughter v. Dickinson, Fla., 226 So.2d 97; Simpson v. Merrill, Fla., 234 So.2d 350, and Roberts v. Askew, Fla., 260 So.2d 492.
Section (4e), Article IV, State Constitution, F.S.A., expressly provides
“The treasurer shall keep all state funds and securities. He shall disburse state *4 funds only upon the order of the comptroller, countersigned by the governor. The governor shall countersign as a ministerial duty subject to original mandamus.” (Emphasis supplied.)
The foregoing considered, we direct that peremptory writ shall issue in accord herewith.
It is so ordered.
CARLTON, C. J., and ROBERTS, ADKINS and BOYD, JJ., concur.