281 So.2d 395 (1973)
Raymond R. ELLIOTT, and Eleanor A. Elliott, His Wife, Appellants,
v.
HERNANDO COUNTY and Auto-Owners Insurance Company, Appellees.
No. 72-474.
District Court of Appeal of Florida, Second District.
August 15, 1973.
Frank McClung, Brooksville, for appellants.
Stephen F. Myers, Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
HOBSON, Judge.
Appellants seek review of an order dismissing with prejudice their amended complaint after they declined to plead further. The order does not set forth the basis upon which it was entered. However, appellees' motion to dismiss is based on the grounds that the complaint failed to state a cause of action as a matter of law, and failed to state ultimate facts establishing a legally cognizable cause of action under law against appellees.
The amended complaint alleged, inter alia, that between January 1, 1970 and April 30, 1970, Hernando County constructed, built and elevated a road adjacent to appellants' property and failed to place thereunder culverts or trestles sufficiently large enough to allow accumulating rain waters to be discharged in the direction of *396 its natural flow. As a result of the artificial construction and diversion of the natural flow of the rain waters, appellants' dwelling was greatly damaged, a portion washed away and destroyed, and their real property was flooded, submerged, destroyed, eroded, and washed away, rendering it unusable and in an unsanitary condition. The complaint further alleged that the real property was ruined to such an extent that it has amounted to a taking of appellants' property for the public's benefit.
At the time of the occurrences alleged in this action, the County's sovereign immunity for liability for certain torts had been waived by general laws. See Chapter 69-116, Laws of Florida 1969 (former § 768.15 F.S.); Art. 10, § 13, Florida Constitution, 1968 Revision, F.S.A. Chapter 71-165, Laws of Florida, 1971 (F.S. § 768.151 F.S.A.) permitted revival of all causes of action arising during the operative period of Ch. 69-116, and extended the time for filing such actions to July 1, 1972. The instant action was filed on September 30 1971, and was therefore authorized. See State Dept. of Transportation v. Feltner, Fla. 1972, 266 So.2d 670; Willits v. Askew, Fla. 1973, 279 So.2d 1 [Op. filed May 23, 1973].
In testing a complaint on a motion to dismiss, all facts properly pleaded therein are deemed admitted. Pourtless v. Suwannee Hotel Company, Fla.App. 1966, 184 So.2d 512; Feltner v. Fluder, Fla.App. 1971, 252 So.2d 823. The question of the sufficiency of the evidence which the plaintiff will likely be able to produce at a hearing on the merits is irrelevant. Kest v. Nathanson, Fla.App. 1968, 216 So.2d 233.
The amended complaint in the case sub judice is sufficient under our liberal system of pleading to state a cause of action for damages. Lawrence v. Eastern Air Lines, Fla. 1955, 81 So.2d 632; Town of Miami Springs v. Lawrence, Fla. 1958, 102 So.2d 143.
The complaint alleges that by reason of the artificial construction and diversion of the natural flow of rain waters appellants' real property has been rendered unusable and in an unsanitary condition. Such flooding is permanent in the sense that rain is a condition that is reasonably expected to continually reoccur in the future. These allegations are sufficient to indicate that substantial property rights have been taken to demonstrate a taking under Art. 10, § 6(a), of the Florida Constitution, 1968 Revision. Kendry v. State Road Department, Fla.App. 1968, 213 So.2d 23.
The order appealed is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
MANN, C.J., and BOARDMAN, J., concur.