QUESTION: For payroll purposes, if a person has signed a loyalty oath and has been sworn in as a circuit judge and assumed his duties on that date, should his official date of commission be the date he was sworn in as a circuit judge or the date he made the required payment of a commission fee under s. 15.08, F. S.?
SUMMARY: A circuit judge who received a written appointment to the office from the Governor stating that it was to be effective upon a date certain and who qualified in all respects for and began the performance of the duties of the office on that date is entitled to be compensated for the judicial services performed after that date, even though the formal commission was not issued until 10 days after the effective date of the original appointment. It appears that the person in question was appointed by the Governor as a circuit judge on May 27, 1975, the appointment stating that it was to become effective on June 13, 1975. On June 11, 1975, the appointee took and subscribed to the oath of office and forwarded it to the Secretary of State, along with his acceptance of the office, as prescribed by s. 113.06, F. S.; and he was sworn in and assumed the duties of the office on June 13, 1975. However, he inadvertently failed to send to the Secretary of State the $10 fee required by law, ss. 113.01 and 113.02, F. S., for the issuance of his commission. See also s. 15.08, id., prohibiting the Secretary of State "from affixing his signature and the seal of the state to the commission of any public officer until such officer has paid the amount of the tax required to be paid by said officer for the commission." Consequently, because of the time required for the Secretary of State to advise him through regular mail channels of the fee requirement and to receive the fee, the official commission, signed by the Governor and sealed and countersigned by the Secretary of State, was not issued until June 23, 1975. It is settled in this state that the issuance of a formal commission to an officer who has been elected by the people or whose appointment by the Governor has been confirmed by the Senate is not necessary in order to complete the right and title of the person so elected or appointed to the office and the perquisites thereof. See Slaughter v. Dickinson, 226 So.2d 97 (Fla. 1969), in which the court directed the Comptroller to issue salary and expense warrants to an elected state attorney even though no formal commission was ever issued to him by the Governor, and cases cited. It has also been held that an appointment or "nomination" by the Governor of a person to an appointive office in which confirmation by the Senate is not required is not complete and final until the formal commission, signed, sealed, and countersigned by the Secretary of State, has been issued, in deciding the question of whether an incoming Governor is bound by the appointments or "nominations" made by the outgoing Governor. See State ex rel. Shevin v. Page, 250 So.2d 257 (Fla. 1971). Accord: Attorney General Opinion 071-1. Here, however, an entirely different question is presented; and, as noted above, the Governor's written appointment of the circuit judge in question was, in fact, completed by the issuance of a formal commission. Prior to assuming the duties of the office, the judge complied with all the requirements prescribed by law as condition precedents to performing the duties of the office, including taking the oath required by the Constitution, s. 5(b), Art. II, State Const.; and he performed those duties with public acquiescence without any question having been raised as to his authority to do so and without the slightest appearance of a usurper. Thus, he was a de facto, if not a de jure, officer pending the issuance of the formal commission. See Sawyer v. State, 113 So. 736 (Fla. 1927), and State ex rel. Hawthorne v. Wiseheart, 28 So.2d 589, 593 (Fla. 1947). In the case involving Judge Wiseheart, the court said that "[t]here is no taint attached to the fact of being a de facto officer," and that the only difference between a de jure and a de facto officer is that "one rests on right and the other rests on reputation." 28 So.2d at 593. And I know of no judicial decision or opinion of this office in which the right of a de facto officer to compensation for performing duties which he was fully qualified to perform, except for the issuance of a formal commission, has been questioned — much less denied. It may be that the Governor could direct the Secretary of State to amend the formal commission of the circuit judge here in question to make it effective as of the effective date of the written appointment. However, aside from the doubtful propriety of answering that question in this response, it is unnecessary to do so in the context presented by your question "for payroll purposes." For the reasons stated above, I have the view that the circuit judge in question, who duly qualified in all respects to carry out the duties of the office, is entitled to be compensated for services performed under a written appointment from the Governor after the effective date of the appointment as stated therein, even though the issuance of the formal commission was inadvertently delayed for 10 days following the effective date of the appointment.