PER CURIAM.
Appellants, plaintiffs below, sued appel-lees, defendants below, in Broward County, Florida. Appellees moved to transfer venue to Leon County, Florida. The court granted the change of venue and it is this order that appellants are interlocutorily appealing.
We hold that the court was correct in granting the change of venue. The defendants included governmental agencies. Generally, governmental agencies have a right to be sued in the county in which the agency is located. Ringling Bros.—Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314 (1st DCA Fla.1974). A suit involving a governmental' agency should be brought in the county in which the agency has its principal office even though there are other defendants with their residence or principal office in a different county. Fla.Stat. § 47.021 (1973); Amelia Island Mosquito Control District v. Tyson, 150 So.2d 246 (1st DCA Fla.1963).
Therefore, we affirm the trial court’s order as the defendants which are governmental agencies did not waive their privilege to be sued in the county of their *236 principal office, Leon County, nor did the plaintiff allege facts sufficient to bring them within an exception to the general rule.
Affirmed.
OWEN, C. J., and WALDEN and MAGER, JJ., concur.