343 So.2d 965 (1977)
Albin C. THOMPSON, Jr., and Haidee K. Thompson, Appellants (Plaintiffs),
v.
NASSAU COUNTY, Florida, a Governmental Agency, Appellee (Defendant).
No. BB-235.
District Court of Appeal of Florida, First District.
March 25, 1977.
*966 Daniel S. Brim, Live Oak, for appellants.
Arthur I. Jacobs, Jacobs, Sinoff, Edwards, Alford & Burgess, Fernandina Beach, for appellee.
MILLS, Judge.
The Thompsons appeal from an order dismissing their amended complaint with prejudice.
The amended complaint alleges that the action is brought under the authority of Article X, Section 6 of the Florida Constitution, and other applicable laws, for a mandatory injunction to require the defendant to exercise its power of eminent domain as a means of making restitution to the plaintiffs for the taking of plaintiffs' property for a public purpose; that the plaintiffs are and were the owners of certain land adjacent to North Fletcher Avenue; that beginning in 1974 the defendant resurfaced North Fletcher Avenue and increased its elevation by a height in excess of 14 inches; that the elevation of North Fletcher Avenue has rendered a substantial portion of the plaintiffs' property useless for residential purposes and has caused and will always cause great amounts of water from rainstorms to flow upon plaintiffs' property and into the buildings thereon; and that the overflow of water upon plaintiffs' property constitutes an actual permanent invasion of plaintiffs' property. The County moved to dismiss the amended complaint for failure to state a cause of action and the court ordered the cause "dismissed with prejudice as to any action under Article V, Section 6 of the 1968 Florida Constitution".
The trial court erred. The allegations of the amended complaint are sufficient to demonstrate a taking of private property for a public use under Article X, Section 6 of the Florida Constitution. In Elliott v. Hernando County, 281 So.2d 395 (Fla. 2nd DCA 1973), the court held allegations similar to those in the amended complaint before us stated a cause of action. Although the County contends that Poe v. State Road Department, 127 So.2d 898 (Fla. 1st DCA 1961) supports the dismissal of the amended complaint, it does not. In Poe the flooding was characterized as temporary; here it is alleged to be permanent.
The order appealed is reversed and this case is remanded to the trial court for further action.
BOYER, C.J., and ERVIN, J., concur.