PER CURIAM.
David Prosser and Isaias and Elouisa Ramose seek a writ of prohibition to bar the circuit court from proceeding with an eminent domain action brought by Polk County. Because the petition does not allege a total absence of subject matter jurisdiction; see English v. McCrary, 348 So.2d 293 (Fla.1977); we treat the pleading as a petition for writ of certiorari. Art. Y, § 2(a), Fla. Const.; Fla.R.App.P. 9.040(c).
Polk County seeks to condemn petitioners’ land to facilitate an extension of County Line Road from New Tampa Highway southward to State Road 60. The new road and its right-of-way, if constructed, would roughly parallel the boundary between Polk and Hillsborough Counties. Petitioners’ property lies within Hillsborough County, and so the condemnation proceedings were commenced in that circuit. Because this project has been undertaken solely by Polk County, Hillsborough County has taken no part in and voiced no objection to the proceedings.
The sole question presented by this petition is whether Polk County may condemn and take property located outside its territorial limits. Petitioners argue that it cannot do so without express legislative authority, and that no such authority has been granted. While we do not dispute that the authority of a county government to exercise the power of eminent domain derives solely from statute; Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 (1947); and while the applicable statute is silent as to where such property may lie, we cannot find that the present action is therefore precluded.
Section 127.01(l)(a), Florida Statutes (1987), delegates to each county of the state “the right to appropriate property, except state or federal, for any county purpose.” No limitation is placed upon the location of such property. However, subsection (2) of the statute, which was added in 1945 by Chapter 22802, Laws of Florida, does state that “no county has the right to condemn any lands outside its own county boundaries for parks, playgrounds, recreational centers, or other recreational purposes ” (emphasis supplied). Polk County argues, and we agree, that these provisions should be construed in pari materia and that they admit to only one reasonable interpretation: a legislative intent to circumscribe the geographical extent of otherwise valid county condemnation proceedings only when recreational use of the subject property is contemplated.
The petition for writ of certiorari is denied.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.