Ms. Karla A. Stetter Pasco County Attorney 7530 Little Road Suite 340 New Port Richey, Florida 34654
Attention: Mr. Bernard Telatovich Assistant County Attorney
Dear Ms. Stetter:
On behalf of the Pasco County Board of County Commissioners, you ask substantially the following question:
May Pasco County impose a special assessment on residents of Hillsborough County to repair a local road that is located primarily in Hillsborough County but extends into Pasco County?
In sum:
Pasco County may impose a special assessment to repair that portion of the road located in Pasco County on those Pasco County residents whose property derives a special benefit from the road's improvement; however, the county may not impose a special assessment on property located in Hillsborough County to repair a local road located in Hillsborough County. Pasco County may enter into an agreement with Hillsborough County regarding the maintenance of the road.
According to your letter, a large subdivision is located on the southern border of Pasco County. Although there is more than one access road into this subdivision, many residents access their property through a local road that extends into Hillsborough County.[1] You state that this local road, located mainly in Hillsborough County, is in poor condition. A number of Pasco County residents have complained to the county, inquiring about the possible repaving of the road.
Section 125.01(1)(r), Florida Statutes, in setting forth the powers of the governing body of a county, states that such powers include the power to "[l]evy and collect taxes, . . . and special assessments; . . . which power shall be exercised in such manner, and subject to such limitations, as may be provided by general law."
A county's exercise of authority, however, is generally limited to its territorial limits.[2] Counties have been granted the authority to maintain and control those roads under their jurisdiction and to expend funds for the construction, maintenance, and development of such roads. Section 336.02, Florida Statutes, specifically vests responsibility for the county road system in the county commissioners:
"The commissioners are invested with the general superintendence and control of the county roads and structures within theirrespective counties, and they may establish new roads, change and discontinue old roads, and keep the roads in good repair in the manner herein provided. They are responsible for establishing the width and grade of such roads and structures in their respective counties."[3] (e.s.)
The above statute thus vests jurisdiction over that portion of the local road located within Hillsborough County with the board of county commissioners of that county. That portion of the road located within Pasco County would be subject to the control of the Pasco County Board of County Commissioners.
You have not advised this office of any statute providing for the county's exercise of authority outside its territorial limits.[4]
Thus, while Pasco County may impose a special assessment to repair that portion of the road located in Pasco County on those Pasco County residents whose property derives a special benefit from the road's improvement, it may not assess property located in Hillsborough County for the repair of the road in Hillsborough County. Pasco County, however, may enter into an agreement with Hillsborough County to ensure the repair and maintenance of the local road that runs through both counties.[5]
Accordingly, I am of the opinion that while Pasco County may not impose a special assessment on property located in Hillsborough County to repair a local road located in Hillsborough County, it may impose a special assessment to repair that portion of the road located in Pasco County on those Pasco County residents whose property derives a special benefit from the road's improvement. In addition, Pasco County may enter into an agreement with Hillsborough County regarding the maintenance of the road.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] You refer to the road in question as a "local road." See, s.334.03(15), Fla. Stat., defining "Local road" to mean "a route providing service which is of relatively low average traffic volume, short average trip length or minimal through-traffic movements, and high land access for abutting property."
[2] See, Op. Att'y Gen. Fla. 91-25 (1991) (as a general principle, a governmental entity's powers are coexistent with its territorial boundaries; therefore, counties, municipalities, and special districts may not act beyond their respective boundaries in the absence of an express statutory grant).
[3] And see, s. 334.03(8), Fla. Stat., defining the "[c]ounty road system" to mean "all collector roads in the unincorporated areas of a county and all extensions of such collector roads into and through any incorporated areas, all local roads in theunincorporated areas, and all urban minor arterial roads not in the State Highway System." (e.s.) Cf., s. 316.006(3), Fla. Stat., stating that counties have original jurisdiction over streets located within their boundaries except state roads and municipal streets.
[4] Cf., Prosser v. Polk County, 545 So.2d 934, 935 (Fla. 2d DCA 1989), in which the court held that the eminent domain statute authorizing a county to exercise eminent domain powers authorized the county to exercise outside of its own boundaries.
[5] See, e.g., s. 125.01(1)(p), Fla. Stat., which authorizes a county to:
"Enter into agreements with other governmental agencies within or outside the boundaries of the county for joint performance, or performance by one unit in behalf of the other, of any of either agency's authorized functions."
Cf., s. 163.01, Fla. Stat., the "Florida Interlocal Cooperation Act of 1969."