799 So.2d 258 (2001)
FISH AND WILDLIFE CONSERVATION COMMISSION, Appellant,
v.
William D. WILKINSON, Appellee.
No. 2D00-4533.
District Court of Appeal of Florida, Second District.
August 17, 2001.
Rehearing Denied October 4, 2001.
*259 James V. Antista, General Counsel, and Ross Stafford Burnaman, Assistant General Counsel, Fish and Wildlife Conservation Commission, Tallahassee, for Appellant.
Robert C. Hill, Jr., Fort Myers, for Appellee.
ALTENBERND, Acting Chief Judge.
The Fish and Wildlife Conservation Commission (the Commission) appeals a nonfinal order denying its motion to dismiss a declaratory judgment action filed by William D. Wilkinson. The only portion of this order currently within our scope of review is the issue of venue. See Fla. R.App. P. 9.130(a)(3)(A). We conclude that the Commission is entitled to enforce its privilege of home venue, and thus this case must be transferred to Leon *260 County where the Commission's headquarters are located.
William D. Wilkinson filed an action for declaratory judgment against Lee County and the Commission under section 86.011, Florida Statutes (2000). His second amended complaint alleged that he was charged with a violation of the "Lee County Manatee Protection Rule 68C-22.005." Fla. Admin. Code R. 68C-22.005. Apparently, Mr. Wilkinson received a Florida Uniform Boating Citation on Saturday, February 19, 2000, for violating the speed limit while operating a nineteen-foot outboard motorboat within a manatee protection zone in the Caloosahatchee River. In his four-count second amended complaint, Mr. Wilkinson alleges that (1) rule 68C-22.005 was not properly enacted; (2) the rule, as promulgated, is in derogation of the statutory provisions and the constitutional provisions authorizing such rulemaking; (3) the rule is arbitrary and capricious; and (4) the rule violates his "fundamental right to travel protected by the state and federal constitutions." The last count was added after the Commission filed a motion to dismiss Mr. Wilkinson's complaint, alleging, in part, improper venue. Mr. Wilkinson also sued Lee County for helping to enforce the Commission's regulations.
Both the Commission and Lee County filed motions to dismiss Mr. Wilkinson's amended complaint. The Commission challenged the complaint on numerous grounds. The trial court held a hearing on these motions on September 15, 2000. The conditions for this hearing were less than ideal, in large part because one of the five lawyers involved in the case appeared via a pay telephone that automatically disconnected at set time intervals. The venue issue was only briefly argued to the trial court by the Commission. The trial court denied the Commission's motion to dismiss on all grounds.[1] We are not entirely convinced that the trial judge realized that his ruling encompassed the venue issue. Nevertheless, because the motion was denied in its entirety, we conclude that it is appropriate for this court to review the issue at this time.
It is well-established within the common law that venue in an action against a governmental agency lies in the county where the agency maintains its principal headquarters. See Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 363 (Fla.1978). This rule, often called the "home venue privilege," arises out of common law concepts of sovereign immunity. Id. The home venue privilege is, however, subject to a limited exception known as the "sword-wielder" doctrine. Figuratively, this exception allows a plaintiff to bring an action against a state agency as a shield from an attack upon the plaintiff by the state's sword.
As an initial matter, the parties dispute who bears the burdens of proof and persuasion when establishing the application of the home venue privilege or the application of the sword-wielder exception to that privilege. This issue is admittedly confusing because, pursuant to established case law, the burdens shift back and forth between the parties. See State, Dep't of Labor & Employ. Sec. v. Lindquist, 698 So.2d 299 (Fla. 2d DCA 1997). When an agency wishes to challenge a plaintiff's venue selection, it must first raise the issue in a motion to dismiss or an answer. It has the burden to prove its right to the governmental home venue rule. Cf. Tropicana Prods., Inc. v. Shirley, 501 So.2d 1373 (Fla. 2d DCA 1987) *261 (holding that unsworn complaint is sufficient to initially establish venue, absent any challenge by defendant). Typically, the headquarters of the agency is established by law or is otherwise an admitted fact, and no additional evidence is required to prove the general application of the home venue privilege. The burden then shifts to the plaintiff to plead and prove facts establishing an exception to the general rule. Id. at 1375. If the plaintiff pleads these allegations and presents evidence to establish the sword-wielder exception, then the agency must respond with conflicting evidence or the plaintiff prevails on its venue selection. See Lindquist, 698 So.2d 299. Finally, if the agency responds with conflicting evidence, then the burden of persuasion returns to the plaintiff, and the trial court must resolve the factual dispute. Id.
In Lindquist, it appears that the plaintiffs anticipated the venue issue and pleaded undisputed facts in their initial complaint sufficient to overcome the application of the home venue privilege. Once a plaintiff has pleaded such facts, Lindquist holds that the agency must respond with evidence challenging the plaintiff's allegations, and only then does the burden of persuasion return to the plaintiff to prove the basis for its venue selection. In Lindquist, the plaintiffs made sufficient allegations to support the application of the sword-wielder exception, and the agency never responded with evidence that would cause the burden to return to the plaintiffs. By contrast, in this case, we hold that Mr. Wilkinson never pleaded sufficient facts to support the application of the sword-wielder exception. Thus, no burden was ever placed upon the Commission to refute any allegations with additional evidence.
Under the sword-wielder doctrine, an agency can be sued in another county if the official action complained of occurred within the county or there is an imminent threat of such action. Such a suit can be filed outside the agency's home venue only if the primary purpose of the lawsuit is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted. Of considerable importance in this case, the validity or invalidity of the statute, rule, or regulation sought to be enforced must come into question "only secondarily and incidentally to the main issue involved." Carlile, 354 So.2d at 365. See also Dickinson v. Fla. Nat'l Org. for Women, 763 So.2d 1245 (Fla. 4th DCA 2000).
Although the supreme court officially acknowledged the sword-wielder doctrine in Carlile, it has not yet applied the doctrine in any case. See Carlile, 354 So.2d 362 (holding doctrine did not apply in personal injury suits against state agency); Fla. Pub. Serv. Comm'n v. Triple "A" Enters., Inc., 387 So.2d 940 (Fla.1980) (holding that state agency's action in mailing "cease and desist" letter did not pose real or imminent threat of violation of right necessary to invoke sword-wielder exception); Chiles v. Children, 589 So.2d 260, 263 n. 4 (Fla.1991) (noting that, although agency waived argument of improper venue, sword-wielder doctrine would not apply to case by foster children challenging statute establishing budget reduction procedures as unconstitutional).
In this case, we assume that the speeding ticket issued by a Florida Marine Patrol officer in Lee County is official action. Although this ticket is more analogous to a common pocket knife than a "sword," it is marginally sufficient to satisfy the "official action" element of the sword-wielder exception. Mr. Wilkinson has not, however, satisfied the remaining *262 requirements necessary to invoke the sword-wielder exception.
The second amended complaint does not seek protection from the enforcement of the boating citation. Instead, the complaint seeks a declaration that rule 68C-22.005 is unconstitutional and invalid. Although the ticket allegedly resulted in the filing of an enforcement action by the state attorney in county court, see § 370.12(2)(q), Fla. Stat. (2000), in this case Mr. Wilkinson is not raising these constitutional challenges in the enforcement action as a defense necessary to shield himself from the state's only sword. See, e.g., State v. Rawlins, 623 So.2d 598 (Fla. 5th DCA 1993). Instead, Mr. Wilkinson sought declaratory relief of a more comprehensive nature. Because Mr. Wilkinson had the ability to challenge the constitutional issues in the enforcement action as a defense to the only sword the Commission may have wielded, he did not need to file this circuit court action.
Mr. Wilkinson's decision to file a separate declaratory action also calls into question whether the primary purpose of this suit is to obtain protection from the enforcement of this rule, as opposed to a general purpose of overturning the rules promulgated by the Commission to regulate Mr. Wilkinson's future boating activities.[2] Our conclusion that Mr. Wilkinson's primary purpose is not merely to employ a shield to the agency action is further buttressed by the allegation within the second amended complaint: "This action is `a test case' and will apply to hundreds of boaters who are charged with violations of the same Rule." Thus, Mr. Wilkinson has failed to establish the second prong of the sword-wielder exception.
Mr. Wilkinson seeks to avoid transfer of this action by arguing that the potential enforcement of this citation or the continued enforcement of the rule violates his "fundamental constitutional right to travel." We reject this basis to apply the sword-wielder exception to this case. First, the constitutional claim made is weak, if not facially invalid. Second, Mr. Wilkinson's "right to travel," such as it may exist, is not a property right fixed in Lee County, but is a transient right not confined to any particular area.[3] Similarly, although rule 68C-22.005 applies specifically to Lee County, this rule is part of a body of similar regulations establishing manatee protection zones in over twenty other counties throughout the state. See Fla. Admin. Code R. 68C-22.005-.027.
We fail to see how restrictions on the use or manner of use of certain identified waterways invokes a "fundamental right to travel" when such restrictions are no more burdensome than speed limits or road closures commonly enforced on Florida roads. See State ex rel. Harkow v. *263 McCarthy, 171 So. 314, 126 Fla. 433 (Fla. 1936). Although Mr. Wilkinson alleges that this right derives from the state and federal constitutions, we are unaware of any specific intrastate "right to travel" in the Florida Constitution that would create a right to operate a motor boat at an unregulated speed.[4] The "right to travel" protected by the federal constitution is generally described as a right to interstate travel not implicated in this case. See Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).[5] Thus, the allegations of the second amended complaint are not sufficient to allege an appropriate constitutional violation necessary for the application of the sword-wielder exception. See Fla. Dep't of Corrections v. McCarty, 610 So.2d 693 (Fla. 2d DCA 1992) (holding sword-wielder exception does not apply to breach of contract and § 1983 claims because allegations of complaint defeat due process claims); Fla. Agency for Health Care Admin. v. St. John Med. Plans, Inc., 674 So.2d 911, 912 (Fla. 3d DCA 1996) (noting that "[c]haracterizing the claim as an inverse condemnation will not convert what appears to be a pure breach of contract action into something more").
The purpose of the home venue privilege given to state agencies is to "promote orderly and uniform handling of state litigation" and to "minimize expenditure of public funds and manpower." Carlile, 354 So.2d at 364. In a case that is essentially a frontal challenge to an agency's regulation, those purposes justify the application of the venue privilege. We reverse and remand with directions to transfer this action to Leon County.
Reversed and remanded.
FULMER and SALCINES, JJ., Concur.
NOTES
[1] The trial court granted Lee County's motion to dismiss and thus dismissed the case against Lee County with prejudice. That ruling is not challenged in this appeal.
[2] In its motion to dismiss, the Commission made an argument that, pursuant to Key Haven v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982), Mr. Wilkinson was required to exhaust any administrative remedies available to him under chapter 120, Florida Statutes (2000), to challenge Florida Administrative Code Rule 68C-22.005 prior to seeking declaratory relief in the circuit court. At the time the trial court considered this motion, the only documents before it were the initial pleadings. As the action develops, the trial court may need to revisit whether Mr. Wilkinson can truly establish the extraordinary circumstances required to circumvent the administrative process.
[3] See, e.g., State, Dep't of Labor & Employ. Sec. v. Lindquist, 698 So.2d 299 (Fla. 2d DCA 1997) (taking of marine fishing nets without just compensation); Barr v. Fla. Bd. of Regents, 644 So.2d 333 (Fla. 1st DCA 1994) (retaliatory termination of state employee).
[4] Mr. Wilkinson's alleged right to travel in this context is not comparable to the "inherent right to window shop," which the supreme court located within the First and Fourth Amendments. See Wyche v. State, 619 So.2d 231, 235 (Fla.1993).
[5] Mr. Wilkinson has not alleged any equal protection aspect to the potential infringement of his right to travel.