PER CURIAM.
The appellant challenges a summary final judgment which was entered for the appellee Fish and Wildlife Conservation Commission in a declaratory judgment action by which the appellant challenged an administrative rule. We conclude that the appealed order was properly entered upon a determination that the appellant could not obtain declaratory relief without exhausting his administrative remedies.
In his declaratory judgment complaint the appellant challenged the Lee County Manatee Protection Rule, as promulgated by the Commission at Florida Administrative Code Rule 68C-22.005. The appellant indicated that he was cited for violating this rule, which he described as establishing zones within Lee County where the use of the waterways is restricted or prohibited so as to protect manatees from collisions with motorboats. The appellant noted that he was charged with a criminal violation which was amended to a civil violation, and he attached copies of the citation and the criminal information charging a misdemeanor. The action was originally filed with the Commission and Lee County being named as defendants. However, the action was dismissed as to Lee County by court order, and after the appeal in Fish and Wildlife Conservation Com’n v. Wilkinson, 799 So.2d 258 (Fla. 2nd DCA 2001), venue was transferred and the case proceeded to disposition by summary judgment.
Although the Commission was established as a constitutional entity by the 1998 revision of the Florida Constitution at article IV, section 9, and article XII, section 23, the Commission’s constitutional authority does not encompass regulatory control of threatened and endangered species, as explained in Caribbean Conservation Corp. v. Florida Fish and Wildlife Conservation Comm’n, 838 So.2d 492 (Fla.2003). This limitation is recognized in section 370.025, Florida Statutes, which provides at subsection (4)(a) that the Commission’s constitutional rulemaking authority does not pertain to endangered or threatened marine species “for which rulemaking shall be done pursuant to chapter 120 .... ” The legislature thus gave the Commission rulemaking authority pursuant to chapter 120 with regard to the protection of manatees, as indicated in section 370.12(2), Florida Statutes. In the summary judgment order now being appealed the trial court referred to the Commission’s authority under section 370.12(2)(f), (m), and (n), and relied on this court’s decision which the supreme court approved in Caribbean Conservation, as establishing that the challenged rule here was subject to the chapter 120 procedures. The trial court concluded that the appellant could not circumvent the administrative process, and thus was not entitled to declaratory relief without exhausting his chapter 120 administrative remedies.
The trial court further determined that the appellant failed to show any basis for bypassing the administrative process under the exceptions recognized in cases such as Communities Financial Corp. v. Florida Dept. of Environmental Regulation, 416 So.2d 813 (Fla. 1st DCA 1982). See also Sarnoff v. Florida Dept. of Highway Safety and Motor Vehicles, 825 So.2d 351 (Fla.2002). And while the appellant now asserts that he did not have standing for a § 120.56 rule challenge, it would appear that he was substantially affected by the rule so as to be accorded standing under section 120.56(l)(a), Florida Statutes, being impacted in a real and sufficiently immediate manner so as to comport with the standing requirements in cases such as NAACP, Inc. v. Florida Bd. Of Regents, 822 So.2d 1 (Fla. 1st DCA 2002), review granted, 837 So.2d 411 (Fla. *1090 2003). See also Lanoue v. Florida Dept. of Law Enforcement, 751 So.2d 94 (Fla. 1st DCA 1999). But in any event, it is unnecessary for us to resolve the standing argument as the appellant did not present this issue below, and it is therefore not properly asserted on appeal. E.g. Couch v. Commission on Ethics, 617 So.2d 1119 (Fla. 5th DCA 1993).
The appellant also suggests that the challenged rule impacts his constitutional rights, for which declaratory relief might have been given without the appellant having otherwise proceeded through the administrative process as to his nonconsti-tutional claims. But as the trial court expressly found, the constitutional assertions presented below do not provide a basis for relief. The appellant relies on a constitutional right to travel, but this does not appear to be implicated under the Florida Constitution, and such right under the United States Constitution pertains to interstate travel, which is not involved here. See Wilkinson. And the appellant’s due process claim relates to the police power for regulatory action, with such claims being routinely adjudicated through the administrative process. E.g. Marine Industries Ass’n of South Florida v. Florida Dept. of Environmental Protection, 672 So.2d 878 (Fla. 4th DCA 1996).
Because the appellant did not present a basis for bypassing the administrative remedy available through a section 120.56 rule challenge, the court properly entered summary judgment for the Commission. The appealed order is therefore affirmed.
VAN NORTWICK and POLSTON, JJ„ and SMITH, LARRY G., Senior Judge.