871 So.2d 1012 (2004)
Jeb BUSH, Governor of the State of Florida, Appellant,
v.
Michael SCHIAVO, as Guardian of the Person of Theresa Marie Schiavo, Appellee.
No. 2D03-5123.
District Court of Appeal of Florida, Second District.
April 23, 2004.
Kenneth L. Connor of Wilkes & McHugh, P.A., Tampa, for Appellant.
George J. Felos of Felos & Felos, P.A., Dunedin; Randall C. Marshall of American Civil Liberties Union of Florida, Miami; and Thomas J. Perrelli, Robert M.
*1013 Portman, and Nicole G. Berner of Jenner & Block LLP, Washington, D.C., for Appellee.
DAVIS, Judge.
Jeb Bush, Governor of the State of Florida, challenges the trial court's order denying his motion to dismiss the underlying cause of action for lack of jurisdiction and improper venue. The Governor argued that the trial court lacked jurisdiction because the plaintiff, Michael Schiavo, as guardian of the person of his wife, Theresa Marie Schiavo, had failed to serve him with process. The Governor also argued that the proper venue for the suit was Leon County, not Pinellas County where it had been brought. The trial court denied the Governor's motion to dismiss, finding that the Governor, through counsel, had submitted to the jurisdiction of the court by participating in the hearing on Mr. Schiavo's motion for emergency injunction and that based on the sword-wielder doctrine, Pinellas County was the proper venue. We agree and affirm the trial court's order.
Mr. Schiavo had previously obtained the trial court's authorization to remove the nutrition and hydration tubes sustaining his wife, who has been found to be in a persistent vegetative state. On appeal, this court affirmed the trial court's order, see In re Guardianship of Schiavo, 851 So.2d 182 (Fla. 2d DCA 2003), and on October 15, 2003, the tubes were removed. On October 21, 2003, the Florida Legislature enacted chapter 2003-418, Laws of Florida, popularly known as "Terri's Law," which authorized the Governor to stay the trial court's order. Pursuant to that statute, the Governor entered a stay and directed that the nutrition and hydration tubes be reinserted. That same day, Mr. Schiavo filed an action for a judgment declaring that chapter 2003-418 is unconstitutional. He also asked the trial court to enter a temporary injunction to prohibit the Governor from enforcing the statute.
When Mr. Schiavo filed his petition for declaratory judgment on October 21, 2003, he requested an immediate hearing on the issue of the temporary injunction. Although Mr. Schiavo's counsel sent copies of the petition and a notice of hearing to the Attorney General and counsel for the Governor by facsimile transmission on that day, actual personal service on the Governor was not accomplished until November 20, 2003.
At 8:30 p.m. on October 21, 2003, the trial court conducted a hearing on Mr. Schiavo's request for a temporary injunction; counsel for both the Governor and the Attorney General appeared telephonically. During that hearing, the issue of the propriety of an injunction was fully argued. On behalf of the Governor and the Attorney General, counsel contended that there was no emergency that necessitated entry of an injunction and that the parties should be given additional time to brief the issues raised by the petition. The trial court agreed with these arguments, denied Mr. Schiavo's request for an injunction, and set a schedule for the parties to file briefs. Counsel representing the Governor and the Attorney General agreed to prepare a proposed order reflecting the trial court's ruling at the hearing, which the trial court subsequently entered.
At no time during the hearing did the Governor's counsel object to the trial court's jurisdiction or Mr. Schiavo's failure to effect personal service on his client. Instead, counsel proceeded to argue the merits of the injunction and requested a briefing schedule.
We conclude that by participating in the hearing through counsel and receiving *1014 material benefits as a result of that participation, the Governor submitted to the jurisdiction of the trial court. See First Wis. Nat'l Bank of Milwaukee v. Donian, 343 So.2d 943, 945 (Fla. 2d DCA 1977) ("[W]e must determine whether the Donians by their actions before the court obtained some relief or material benefit sufficient to constitute a submission by them to the court's jurisdiction."). In the instant case, the trial court's decision to deny the injunction and grant the request for an opportunity to file briefs with the court indicates that the Governor did obtain material benefits by his participation in the hearing. This participation, especially in the absence of any mention of an objection to jurisdiction due to the lack of service of process, constitutes a submission to the court's jurisdiction and a waiver of any objection. "If a party takes some step in the proceedings which amounts to a submission to the court's jurisdiction, then it is deemed that the party waived his right to challenge the court's jurisdiction regardless of the party's intent not to concede jurisdiction." Cumberland Software, Inc. v. Great Am. Mortgage Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987) (citing Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486 (1939)).
The Governor also sought dismissal of Mr. Schiavo's petition based on improper venue. In an action against a governmental agency, venue normally lies in the agency's home county. Fish & Wildlife Conservation Comm'n v. Wilkinson, 799 So.2d 258 (Fla. 2d DCA 2001). Thus, the Governor asserts that the proper venue for Mr. Schiavo's action is Leon County. However, an exception to the home county rule is found in what is known as the "sword-wielder doctrine." This exception allows a plaintiff to file an action against a State agency in a county other than the agency's home county if the action is an attempt to "shield [the plaintiff] from an attack upon the plaintiff by the state's sword." Id. at 260. In the instant case, Mr. Schiavo alleges that the State has invaded the constitutional right of privacy of his wife in Pinellas County, where she resides. Although the purpose of the action is to obtain a judgment declaring that the statute is unconstitutional, the primary result of such a decision would be to preclude the Governor from further involvement in the care being given to Mrs. Schiavo in Pinellas County. Accordingly, we agree that the sword-wielder doctrine applies and conclude that Pinellas County is the proper venue for the litigation.
Affirmed.
FULMER and WALLACE, JJ., Concur.