ALTENBERND, Judge.
 

 Edna L. Kirkland and other members of the Kirkland family who own land south of Waring Road in Polk County challenge the trial court’s orders allowing the City of Lakeland (the City) to take portions of their land by eminent domain to create a right-of-way that will allow for the extension of Waring Road from Old Medulla Road to West Pipkin Road. This eminent domain proceeding, requesting a taking for a road right-of-way, is unusual only because the City is taking land in Polk County that is entirely outside and not even contiguous to the City’s boundaries. We conclude under the circumstances of this case that the City had the power to take this land by eminent domain and that it presented sufficient evidence of a public purpose and a reasonable necessity to support the order of taking. Accordingly, we affirm the trial court’s orders of taking.
 

 The road project in question is a short distance east of the Lakeland-Linder Regional Airport, which is inside the boundaries of the City. This is a developing area. An effort to annex this region of Polk County into the City of Lakeland failed at an election several years ago, and the Kirklands undoubtedly see the expansion of the road as a method to achieve by eminent domain that which failed at the ballot box. The Kirklands’ pioneer homestead and the family history that it represents will allegedly be lost or irreparably damaged by the extension of Waring Road. We are not untouched by their- attachment to this land, but such factors are not a
 
 *400
 
 legal basis for a court to override a valid exercise of the power of eminent domain.
 

 There is no dispute that the City of Lakeland has been delegated the State’s power of eminent domain in its charter and by virtue of section 166.411(3), Florida Statutes (2007). The language of that delegation is broad enough to permit such a taking outside the boundaries of the City even for the purpose of building a road. This court has previously upheld the exercise of eminent domain powers delegated to Polk County to permit that county to take land inside Hillsborough County, at least when Hillsborough County voiced no objection.
 
 See Prosser v. Polk County,
 
 545 So.2d 934 (Fla. 2d DCA 1989). Likewise, in this case, Polk County does not object to the taking.
 

 It is noteworthy that the City’s decision to take this land was based in large part upon an interlocal agreement between the City and Polk County. Under that agreement, executed in 2003, both governmental entities recognized that this road project was “necessary to provide adequate capacity to the area road system.” A substantial portion of the funding for this project came from the Florida Department of Transportation and that funding had been provided to the City of Lakeland. In the interlocal agreement, Polk County and the City agreed to evenly split the remaining cost of this project.
 

 In an eminent domain proceeding, “[t]he burden is on the condemning authority to establish a public purpose and reasonable necessity for the taking.”
 
 Baycol, Inc. v. Downtown Dev. Auth. of City of Fort Lauderdale,
 
 315 So.2d 451, 455 (Fla. 1975) (citing
 
 Canal Auth. v. Miller,
 
 243 So.2d 131 (Fla.1970);
 
 Ball v. City of Tallahassee,
 
 281 So.2d 333 (Fla.1973),
 
 receded from on other grounds by City of Jacksonville v. Griffin,
 
 346 So.2d 988 (Fla.1977);
 
 City of Lakeland v. Bunch,
 
 293 So.2d 66 (Fla.1974)). We determine that the evidence presented at trial was sufficient to meet the City’s burden to establish a public purpose and a reasonable necessity. We are not convinced in light of the inter-local agreement that the City was required to establish a public purpose that was exclusively or even primarily a municipal purpose of the City, as contrasted to a public purpose benefitting both the City and Polk County.
 

 Finally, the Kirklands argue that section 335.0415, Florida Statutes (2007), which addresses the jurisdiction of the state, county, and municipal governments over public roads, is applicable to this case and prevents the City from taking land for a road that the Kirklands maintain must be under the jurisdiction of Polk County after it is completed. We reject the argument that section 335.0415 regulates a county or municipality’s powers of eminent domain. Whatever its effect may be on governmental jurisdiction over the extension of Waring Road after it has been constructed and completed is not a matter that prevents the entry of the order of taking that has been appealed in this case.
 

 Affirmed.
 

 FULMER and WALLACE, JJ., Concur.