SILBERMAN, Judge.
 

 The underlying case is a class action lawsuit filed in Pinellas County by Bryant Middleton, William Horne, Roger Kiser, and Jimmy Jackson (“the Plaintiffs”), individually and on behalf of former juvenile residents of two Florida Reform Schools for Boys. The complaint seeks money damages against the Department of Agriculture, the Department of Children and Family Services, the Department of Juvenile Justice, the Department of Corrections (“the State Agencies”) and two former employees of the reform schools, Troy Tidwell and Robert E. Curry.
 
 [1]
 
 The State Agencies and Tidwell (together “the Defendants”) seek review of a nonfinal order denying their motion to transfer venue. We reverse because the State Agencies are entitled to have the case transferred to Leon County under the home venue privilege.
 

 The complaint
 
 [2]
 
 alleges causes of action against the State Agencies, Tidwell, and Curry for violations of sections one, eight, and nineteen of the Declaration of Rights of the Florida Constitution. The com
 
 *626
 
 plaint also alleges causes of action against Tidwell and Curry individually for the torts of assault and battery and intentional infliction of emotional distress.
 

 In response to the complaint, the State Agencies filed a motion to transfer venue. The State Agencies asserted that the common law home venue privilege entitled them to have the actions transferred to Leon County, where the State Agencies are headquartered. The State Agencies also asserted that venue for the actions against Tidwell and Curry was proper only in Jackson County. The State Agencies requested that the court transfer venue to Jackson County or Leon County. The State Agencies suggested that even though they were entitled to have venue transferred to Leon County, Jackson County would be a proper venue in “the interests of justice, judicial economy, and taxpayer concerns.” Further, they argued that there was no proper basis for venue in Pinellas County.
 

 Tidwell also filed a motion to transfer venue in which he asserted that venue for the actions against him was proper only in Jackson County. He acknowledged that venue for the State Agencies would be appropriate in Leon County, and he requested that the court transfer venue to Jackson County or Leon County.
 

 The court held a hearing on the State Agencies’ motion, which defendant Tidwell adopted. The Plaintiffs argued that the home venue privilege was not absolute and asserted that they needed more time to conduct discovery to locate other potential defendants or prove that some of the Plaintiffs’ causes of action arose in Pinellas County. The Plaintiffs also argued that the State Agencies waived the home venue privilege by seeking to have the case tried in Jackson County. The State Agencies reiterated their position that they had an absolute right to venue in Leon County but expressed a willingness to waive their venue privilege only as to Jackson County.
 

 The trial court recognized that the home venue privilege appeared to be absolute but agreed "with the Plaintiffs that the motion was premature. The court denied the motion “without prejudice.” The court informed the parties that “[t]he defense can bring [the motion] back after the Plaintiffs have had a chance to review the discovery, and I would say that would be at least 30 days, from the amount of pages that it consists of.”
 

 On appeal, the Defendants argue that the home venue privilege is absolute and that the trial court erred in denying the motion to transfer venue because venue is proper only in Jackson County or Leon County. The Defendants also argue that venue for the action against Tidwell is proper only in Jackson County, where he resides and where the causes of action against him arose.
 

 The Plaintiffs raise three arguments against the application of the home venue privilege. First, the Plaintiffs argue that this court is without jurisdiction to review the order on appeal because it is not a final determination on venue. Second, the Plaintiffs argue that the State Agencies waived the home venue privilege. Third, the Plaintiffs argue that the joint tortfea-sor exception to the home venue privilege applies.
 

 As to the Plaintiffs’ jurisdictional argument, we are unconvinced that this court lacks jurisdiction to consider this appeal. Florida Rule of Appellate Procedure 9.130(a)(3)(A) provides for interlocutory review of nonfinal orders that “concern venue.” This language provides for the appeal of orders that fix the locus of the action.
 
 See Dep’t of Mgmt. Servs. v. Fastrac Constr., Inc.,
 
 701 So.2d 1200, 1201 (Fla. 5th DCA 1997);
 
 Paz v. Valencia,
 
 561
 
 *627
 
 So.2d 1275, 1276 (Fla. 4th DCA 1990);
 
 Rosie O’Grady’s, Inc. v. Del Portillo,
 
 521 So.2d 183, 184 (Fla. 3d DCA 1988). While the order on appeal denies the Defendants’ motion to transfer venue “without prejudice,” it fixes the locus of the action in Pinellas County until such time as the Defendants succeed in bringing the motion to transfer venue back before the court. The order in this case is therefore a nonfi-nal order that “concern[s] venue.”
 

 Turning to the merits, the Florida Supreme Court has explained the common law home venue privilege as follows:
 

 It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters. Such a rule promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower.
 

 Bush v. State,
 
 945 So.2d 1207, 1212 (Fla.2006) (quoting
 
 Carlile v. Game & Fresh Water Fish Comm’n,
 
 354 So.2d 362, 363-64 (Fla.1977) (citations omitted)).
 

 Unless a recognized exception applies, “ ‘the home venue privilege appears to be an absolute right.’ ”
 
 Id.
 
 (quoting
 
 Jacksonville Elec. Auth. v. Clay County Util. Auth.,
 
 802 So.2d 1190, 1192 (Fla. 1st DCA 2002)). A trial court is therefore bound to apply the privilege unless it determines that a recognized exception applies.
 
 Fla. Dep’t of Children & Families v. Sun-Sentinel, Inc.,
 
 865 So.2d 1278, 1288 (Fla.2004). The supreme court has recognized four exceptions to the home venue privilege: (1) waiver, (2) the “sword wielder” exception, (3) suit against the governmental defendant as a joint tortfeasor, and (4)petitions for access to public records.
 
 Id.
 
 at 1287-89.
 

 The governmental agency bears the initial burden of proving its entitlement to the home venue privilege.
 
 Fish & Wildlife Conservation Comm’n v. Wilkinson,
 
 799 So.2d 258, 260 (Fla. 2d DCA 2001). “The burden then shifts to the plaintiff to plead and prove” that an exception to the privilege applies.
 
 Id.
 
 at 261. Only if the plaintiff pleads sufficient allegations and proves that an exception exists must the governmental agency present conflicting evidence on the issue.
 
 Id.
 

 In this case, the parties do not dispute that the State Agencies maintain their principal headquarters in Leon County. The Plaintiffs argue that two of the exceptions to the home venue privilege apply. The first exception asserted by the Plaintiffs is the waiver exception. Governmental defendants may waive the home venue privilege by moving to transfer venue from their home venue to another venue, see
 
 Mansfield v. Singletary,
 
 610 So.2d 76, 77 (Fla. 1st DCA 1992), or by submitting to the jurisdiction of the court in which the plaintiff has filed suit,
 
 see Smith v. Williams,
 
 160 Fla. 580, 35 So.2d 844, 848 (1948).
 

 The Plaintiffs argue that the State Agencies waived the home venue privilege by seeking to transfer venue to Jackson County
 
 or
 
 Leon County. However, the State Agencies consistently asserted their entitlement to the home venue privilege. At the same time, the State Agencies recognized that venue for the Plaintiffs’ actions against Curry and Tidwell would be proper in Jackson County. Accordingly, the State Agencies suggested that they would be willing to have the case tried in either of the two counties. At no time did the State Agencies agree to submit to venue in Pinellas County or submit to the jurisdiction of the Circuit Court located in Pinellas County.
 

 
 *628
 
 The second exception asserted by the Plaintiffs is the joint tortfeasor exception. A trial court has the discretion to refuse to apply the home venue privilege when a party sues a governmental agency as a joint tortfeasor.
 
 Bd. of County Comm’rs v. Grice,
 
 438 So.2d 392, 395 (Fla.1983). The court must consider “justice, fairness, and convenience under the circumstances of the case,” giving the home venue privilege substantial consideration.
 
 Id.
 
 The court may decide to transfer the whole case, sever and transfer the cause of action against the governmental entity, or retain the whole case.
 
 Id.
 

 The Plaintiffs claim they are entitled to the joint tortfeasor exception because they sued the State Agencies for “constitutional torts.” The Defendants claim that the Plaintiffs are not entitled to the joint tort-feasor exception because their causes of action against the State Agencies are for constitutional rights violations, not torts. Additionally, the Defendants claim that the State Agencies are not joint tortfeasors with Tidwell or Curry because the complaint does not allege that they acted together in committing a single wrong. Furthermore, the Defendants point out that even if their causes of action could be construed as torts, none of those torts occurred in Pinellas County.
 

 Whether the Plaintiffs sued the Defendants as “joint tortfeasors” is beside the point if the Plaintiffs did not establish a statutory basis for venue for the actions against any defendants in Pinellas County.
 
 See Levy County Sch. Bd. v. Bowdoin,
 
 607 So.2d 479, 481 (Fla. 1st DCA 1992) (“Ixn-plicit in this exception is that there must be a statutory basis for venue outside the county of the governmental entity.”). The applicable venue statute provides for venue “in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” § 47.011, Fla. Stat. (2008). It is undisputed that neither of the individual defendants named in the complaint reside in Pinellas County and there is no property in litigation. As set forth in the complaint, the causes of action accrued at the two Florida Reform Schools for Boys, neither of which is located in Pinellas County.
 

 The Plaintiffs argue that (1) other potential defendants may reside in Pinellas County and (2) the causes of action could have arisen in Pinellas County if the boys were sent to the reform schools from Pi-nellas County. The Plaintiffs claim that further discovery is necessary to develop these facts. However, at the time the court ruled on the motion to transfer venue, the State Agencies had met their burden of proving entitlement to the home venue privilege and the Plaintiffs had not pleaded sufficient facts to meet their burden of proving that an exception to the privilege applied.
 
 [3]
 
 Thus, the trial court erred in denying the Defendants’ motion to transfer venue on this basis.
 

 We also conclude that venue for defendant Tidwell is not proper in Pinellas County. Tidwell submitted an affidavit in which he attested that he is a resident of Jackson County and has been a resident of Jackson County for over eighty years. Additionally, the complaint alleges that
 
 *629
 
 Tidwell committed the torts against the Plaintiffs at the Reform School for Boys in Jackson County.
 
 [4]
 

 In conclusion, the trial court erred in denying the Defendants’ motion to transfer venue. On remand, the court should transfer venue to Leon County where the State Agencies have their principal offices.
 
 See Flanagan v. Dep’t of Health & Rehab. Servs.,
 
 314 So.2d 235, 235 (Fla. 4th DCA 1975) (affirming order transferring venue to county where governmental agency had its principal office even though there were other defendants with a residence in another county). We recognize that the State Agencies and Tidwell are willing to submit to venue in either Jackson County or Leon County. However, the Plaintiffs have indicated that they would prefer to try the case in Leon County, and they are entitled to choose the county to which the action is transferred when venue is proper in more than one county.
 
 See
 
 Fla. R. Civ. P. 1.060(b).
 
 [5]
 

 Reversed and remanded with directions.
 

 ALTENBERND and DAVIS, JJ., Concur.
 

 [1]
 

 . The Plaintiffs have not been able to serve Robert E. Curry with process, and counsel for Defendants asserted below that Curry is deceased. Because Curry did not appear in this appeal, he is listed as an appellee in the case style.
 
 See
 
 Fla. R. App. P. 9.020(g)(2).
 

 [2]
 

 . The operative complaint is titled "Amended Complaint for Damages-Class Representation."
 

 [3]
 

 . We recognize that the court attempted to deny the motion "without prejudice.” However, we do not find any authority to support such a denial. While a trial court has the authority to grant a continuance for further discovery prior to entering an order determining venue, the court below did not grant a continuance. Instead, the court denied the motion to transfer venue, thereby fixing the locus of the action in Pinellas County.
 

 [4]
 

 . Also, even assuming defendant Curry is not deceased, there is nothing in the record suggesting that Pinellas County would be a proper venue as to him.
 

 [5]
 

 . Although the trial court anticipated that there may be additional discovery relevant to the venue issue, the parties have not suggested that this appeal has become moot due to further discovery or amendment of the pleadings. In fact, the Plaintiffs stated in their brief that if this court were to reverse, they are amenable to venue in Leon County.