WALLACE, Judge.
 

 Donna K. Baldwin filed an action in Hillsborough County against Pinellas County (the County) for the inverse condemnation of her land located wholly within Hillsborough County. The County moved to dismiss the action for improper venue, claiming its home venue privilege. The circuit court denied the motion, and the County appeals.
 
 [1]
 
 Because Ms. Baldwin’s complaint for inverse condemnation invoked the sword-wielder exception to the County’s home venue privilege, we affirm.
 

 
 *368
 
 I. THE FACTS AND PROCEDURAL HISTORY
 

 Ms. Baldwin owns real property located in Hillsborough County. Her land is adjacent to land owned by Pinellas County. The County’s land, which is also located in Hillsborough County, has previously been used as a borrow pit. In December 2010, Ms. Baldwin filed an action asserting a claim for inverse condemnation against the County in the Hillsborough County Circuit Court.
 
 [2]
 
 In her complaint, Ms. Baldwin alleged that the County had taken her property in'violation of article X, section 6, of the Florida Constitution by causing the land to be permanently flooded. Ms. Baldwin concluded her complaint by demanding that the circuit court determine that the County had unlawfully taken her land and empanel a jury to determine the amount of compensation required to be paid to her.
 

 The County moved to dismiss the complaint for improper venue and claimed its home venue privilege. The County also asserted that the complaint failed to state a cause of action for inverse condemnation. In support of its motion, the County argued that the complaint failed to allege that the County had undertaken any governmental action outside the limits of its jurisdiction in Hillsborough County.
 

 At a hearing on the motion, Ms. Baldwin argued that venue was proper in Hillsbor-ough County under the sword-wielder exception to the home venue privilege claimed by the County.
 
 [3]
 
 The circuit court agreed, finding “that the complaint sufficiently alleges a claim for inverse condemnation.” Accordingly, the circuit court denied the County’s motion, ruling “venue is proper in Hillsborough County where the alleged unconstitutional taking of [Ms. Baldwin’s] property has occurred.” This appeal followed.
 

 II. THE APPLICABLE LAW
 

 A. The Standard of Review
 

 The parties agree that we should apply the de novo standard of review to the circuit court’s ruling on the applicability of the sword-wielder exception to the County’s assertion of its home venue privilege.
 
 See Fla. Div. of Pari-Mutuel Wagering v. Fla. Standardbred Breeders & Owners Ass’n,
 
 983 So.2d 61, 62 (Fla. 4th DCA 2008).
 
 See generally Pricewaterhouse-Coopers LLP v. Cedar Res., Inc.,
 
 761 So.2d 1131, 1133 (Fla. 2d DCA 1999) (discussing the standards of review applicable to the different types of venue decisions made by trial courts).
 

 B. The Home Venue Privilege
 

 The County timely asserted its “common law ‘home venue privilege,’ which governs suits against government entities in Florida.”
 
 Bush v. State,
 
 945 So.2d 1207, 1212 (Fla.2006). Describing the home venue privilege, the Supreme Court of Florida has said:
 

 It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or sub
 
 *369
 
 division[] maintains its principal headquarters. Such a rule promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower.
 

 Carlile v. Game & Fresh Water Fish Comm’n,
 
 354 So.2d 362, 363-64 (Fla.1977) (citations omitted). A trial court lacks discretion to deny an assertion of the home venue privilege. On the contrary, “a trial court must apply the home venue privilege unless one of the exceptions to the privilege is satisfied.”
 
 Fla. Dep’t of Children & Families v. Sun-Sentinel, Inc.,
 
 865 So.2d 1278, 1288 (Fla.2004).
 

 There are four recognized exceptions to the home venue privilege: (1) where the legislature has waived the privilege by statute, (2) the sword-wielder exception, (3) where the governmental defendant is sued as a joint tortfeasor, and (4) where a party petitions the court for an order to gain access to public records.
 
 Sun-Sentinel, Inc.,
 
 865 So.2d at 1287-89.
 

 “The governmental agency bears the initial burden of proving its entitlement to the home venue privilege.”
 
 Dep’t of Agric. v. Middleton,
 
 24 So.3d 624, 627 (Fla. 2d DCA 2009) (citing
 
 Fish & Wildlife Conservation Comm’n v. Wilkinson,
 
 799 So.2d 258, 260 (Fla. 2d DCA 2001)). “ ‘The burden then shifts to the plaintiff to plead and prove’ that an exception to the privilege applies.”
 
 Id.
 
 The governmental agency need not present conflicting evidence on the issue unless the plaintiff pleads sufficient allegations and proves the applicability of one of the exceptions.
 
 Id.
 

 C. The Sword-Wielder Exception
 

 Ms. Baldwin relied on the sword-wielder exception in her opposition to the County’s assertion of its home venue privilege. Our supreme court has stated the sword-wielder exception as follows:
 

 The so called “sword-wielder” doctrine applies only in those cases where the official action complained of has in fact been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent. The Court in
 
 [Department of Revenue v. First Federal Savings & Loan Ass’n of Fort Myers,
 
 256 So.2d 524, 526 (Fla. 2d DCA 1971),] stated:
 

 The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter, and whether the plaintiffs action is in the nature of a shield against the state’s thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on.
 

 ... This exception to the common law privilege of venue is limited to those cases wherein the primary purpose is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of a statute, rule[,] or regulation alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the statute, rule[,] or regulation sought to be enforced comes into question only secondarily and incidentally to the main issue involved.
 

 Carlile,
 
 354 So.2d at 365. We conclude that a governmental taking of property in violation of article X, section 6, of the Florida Constitution is an unlawful invasion of constitutional rights sufficient to support the application of the sword-wielder exception.
 

 D. Inverse Condemnation
 

 This court has previously explained the basis for a property owner’s action for inverse condemnation as follows:
 

 
 *370
 
 Eminent domain is the exercise of the government’s power to take private property for the public good. This sovereign power is limited by our constitution which states that any taking of private property for a public purpose must be with full compensation to the owner. Art. X, § 6, Fla. Const. (1968). The government generally exercises its power to condemn through formal proceedings. However, when a governmental body takes private property without first initiating formal proceedings, the injured property owner may institute an inverse condemnation suit.
 

 Proof of a taking by the governmental body is an essential element in an action for inverse condemnation.
 

 State, Dep’t of Health & Rehabilitative Servs. v. Scott,
 
 418 So.2d 1032, 1033-34 (Fla. 2d DCA 1982) (citation omitted). Construction undertaken by a county which results in the flooding of a landowner’s property with a degree of permanency may result in a taking that gives rise to an action for inverse condemnation.
 
 See Elliott v. Hernando Cnty.,
 
 281 So.2d 395, 396 (Fla. 2d DCA 1973);
 
 Thompson v. Nassau Cnty.,
 
 343 So.2d 965, 966 (Fla. 1st DCA 1977).
 

 III. DISCUSSION
 

 The unusual nature of Ms. Baldwin’s claim for inverse condemnation is its extraterritorial aspect. The County’s activities that allegedly resulted in flooding Ms. Baldwin’s property occurred entirely outside the County’s limits in another county. Thus there may be a question about the County’s authority to exercise the power of eminent domain in another jurisdiction in the manner alleged in the complaint.
 
 Cf. Prosser v. Polk Cnty.,
 
 545 So.2d 934 (Fla. 2d DCA 1989) (holding that Polk County had the authority to condemn and take property outside its territorial limits for a road project that roughly paralleled the boundary between Polk and Hillsborough Counties).
 

 On appeal, the County argues that the complaint fails to allege that the County was exercising any governmental powers within Hillsborough County. The County contends that absent governmental action, there can be no inverse condemnation. According to the County, it follows that Ms. Baldwin has failed to allege a cause of action for inverse condemnation and the sword-wielder exception does not apply. Thus the circuit court erred in failing to honor the County’s home venue privilege. We disagree.
 

 In her complaint, Ms. Baldwin alleged that the County’s activities had caused her property to be permanently flooded. If true, this would amount to a taking of Ms. Baldwin’s property by the County. We think the complaint sufficiently alleges a taking of Ms. Baldwin’s property without due process of law. The County’s argument that the complaint fails to allege any facts demonstrating that the County is exercising its governmental power in Hillsborough County is beside the point. The facts alleged in the complaint — which remain to be proven — are that the County has appropriated Ms. Baldwin’s property without paying her any compensation. Ms. Baldwin is not “required to prove in an inverse condemnation action brought after the condemning authority has taken [her] property without due process that such taking was for a public purpose.”
 
 Kirkpatrick v. City of Jacksonville,
 
 312 So.2d 487, 490 (Fla. 1st DCA 1975).
 

 IV. CONCLUSION
 

 Ms. Baldwin’s complaint stated a cause of action for inverse condemnation against the County, and the sword-wielder exception applies to the County’s claim of the
 
 *371
 
 home venue privilege. Accordingly, the circuit court properly denied the County’s motion to dismiss.
 

 Affirmed.
 

 VILLANTI and KHOUZAM, JJ., Concur.
 

 [1]
 

 . We have jurisdiction in accordance with Florida Rule of Appellate Procedure 9.130(a)(3)(A).
 

 [2]
 

 . The complaint was limited to the inverse condemnation claim. Ms. Baldwin did not plead any alternative theories for relief.
 

 [3]
 

 . In accordance with section 73.021, Florida Statutes (2010), a petition for eminent domain must be filed "in the circuit court of the county wherein the property lies.” Ms. Baldwin did not argue that this provision trumped the county's home venue privilege.
 
 Cf. Fla. Dep’t of Agric. & Consumer Servs. v. City of Pompano Beach,
 
 829 So.2d 928, 931 (Fla. 4th DCA 2002) (holding "that when a property owner sues to compel compliance with Chapter 73, the venue provision, section 73.021, applies”).