# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0505
Lower Tribunal No. F24-19389
_____

**Eugene Howard,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Eugene Howard, in proper person.

James Uthmeier, Attorney General, for appellee State of Florida.

Alex Arthur Christiano (Tallahassee), Senior Attorney, for appellee Florida Commission on Offender Review.

Before MILLER, BOKOR, and GOODEN, JJ.

MILLER, J.

Eugene Howard, an incarcerated prisoner serving sentences for first-degree murder and robbery, appeals from a trial court order dismissing his petition for writ of habeas corpus as legally insufficient. The gravamen of his underlying petition is that section 775.082(1), Florida Statutes (1993), contains a self-executing provision entitling him to parole release after serving twenty-five years of his sentence. As the Florida Commission on Offender Review commendably urges, the petition should have been treated as sounding in mandamus, rather than habeas, and "venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains it principal headquarters." Bush v. State, 945 So. 2d 1207, 1212 (Fla. 2006) (quoting Carlile v. Game & Fresh Water Fish Comm'n, 354 So. 2d 362, 363–64 (Fla.1977)). Accordingly, we decline to delve into the merits and instead reverse and remand with instructions for the trial court to reinstate and transfer the petition to Leon County, Florida. See also Spradley v. Parole Comm'n, 198 So. 3d 642, 646–47 (Fla. 2d DCA 2015) (remanding for venue transfer to Leon County); Fish & Wildlife Conservation Comm'n v. Wilkinson, 799 So. 2d 258, 263 (Fla. 2d DCA 2001) ("The purpose of the home venue privilege given to state agencies is to 'promote orderly and uniform handling of state litigation' and to 'minimize

2

expenditure of public funds and manpower.'") (quoting <u>Carlile</u>, 354 So. 2d at 364).

Reversed with instructions.